**Robert D. KORTNESS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 74–1351.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided April 21, 1975.

Rehearing Denied May 14, 1975.

168

Robert Kortness, filed brief pro se.

Bernard P. Becker, St. Paul, Minn., filed supplemental brief and appendix for appellant.

Robert G. Renner, U. S. Atty., and Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., filed briefs for appellee.

Joseph A. Barry, Gen. Counsel, Patrick J. Glynn and Frederick E. Martin, Attys., and U. S. Bd. of Parole, Washington, D. C., filed brief for amicus curiae, U. S. Bd. of Parole.

Before GIBSON, Chief Judge; BRIGHT, Circuit Judge; and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

Robert Kortness appeals from the district court's denial of his § 2255 petition in which he claims that he pleaded guilty to one count of possession of stolen mail not knowing that under Parole Board guidelines he would, in effect, be non-parolable. Kortness contends that because of the application of these guidelines, he is compelled to serve more time in prison than contemplated by the sentencing judge.

On November 19, 1973, Judge Devitt, of the District of Minnesota, sentenced Kortness to a three-year prison term pursuant to 18 U.S.C. § 4208(a)(2), which provides:

(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may * * * (2) * * * fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine.

On May 2, 1974, the district court denied Kortness' § 2255 petition stating that "[t]he court is without authority to direct the Parole Board in the discharge of its responsibility and is without authority to modify the sentence imposed."[1]

Kortness brought this appeal *pro se.* Following initial submission of this case, we noted that he had raised a substantial issue not met by the appellee. We appointed counsel for Kortness, called for supplemental briefs, and invited the United States Board of Parole to present its views. *Kortness v. United States,* Civil No. 74–1351 (8th Cir., Oct. 3, 1974). In this opinion we address ourselves only to this issue:

Does the sentencing court have "continuing authority" and jurisdiction under 18 U.S.C. § 4208(a)(2) at any time during the period of sentence imposed to modify or reduce the sentence imposed if the court concludes that its intentions have not been complied with by the parole board?

We hold that under the special circumstances alleged by Kortness (which for the purpose of our considera-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Kortness had earlier moved for reduction of his sentence within the 120-day period authorized by Fed.R.Crim.P. 35. In his present petition Kortness alleges that he complained about an "automatic" parole ineligibility under Parole Board guidelines and that the sentencing court in refusing to reduce his sentence expressed disbelief of this complaint.

Fed.R.Crim.P. 35, of course, cannot be used to extend judicial authority over a sentence beyond the 120-day period. United States v. Regan, 503 F.2d 234, 237 (8th Cir. 1974); *see* Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); United States v. Mehrtens, 494 F.2d 1172 (5th Cir. 1974); United States v. Ellenbogen, 390 F.2d 537 (2d Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968).

tion we assume as true since no hearing was granted on the petition) and as disclosed by the record the sentencing court possesses authority to modify the sentence.

Kortness began serving his sentence at the Federal Correctional Institution, Sandstone, Minnesota, on November 29, 1973. He applied for parole on January 25, 1974, and was given a hearing on March 19, 1974. Following that hearing, the Parole Board, on April 15, 1974, issued an order denying Kortness a parole and determining that he would receive no further consideration for parole during his prison term. In its amicus brief the Board explained its decision:

> * * * [T]he Board of Parole utilized a set of tables, known as the paroling policy guidelines, which sets out the customary ranges of time to be served for federal prisoners with various combinations of offense severity and offender characteristics. These guidelines were published for the first time in the Federal Register on November 19, 1973, the same day appellant was sentenced. 28 C.F.R. § 2.52, 38 F.R. 31942 (Nov. 19, 1973). Appellant's case was evaluated under the guidelines as being a High severity offense with a salient factor score of four (4). The guidelines indicate a range of 26 to 32 months to be served for such cases. After consideration of all factors the Board determined that a decision outside the guidelines was not warranted. Therefore, on April 15, 1974, the Board issued an order continuing appellant's case to the expiration of his sentence * * * [with] deductions for good time. [*Amicus* Br. of U. S. Board of Parole at 2–3.][2]

The guidelines utilize a point system which gives weight to such factors as the severity of the offense, number of prior convictions, drug usage, employment record, etc. Computation of the score is a mechanical operation and produces a narrow range of months of imprisonment in an individual case. The United States Board of Parole claims that these guidelines are discretionary and are not rigidly followed by the Board. The introduction to the guidelines reads in part:

> (c) These time ranges are merely guidelines. Where the circumstances warrant, decisions outside of the guidelines (either above or below) may be rendered. For example, cases with exceptionally good institutional program achievement may be considered for earlier release.

> (d) The guidelines contain examples of offense behaviors for each severity level. However, especially mitigating or aggravating circumstances in a particular case may justify a decision or a severity rating different from that listed.

> (e) An evaluation sheet containing a "salient factor score" serves as an aid in determining the parole prognosis (potential risk of parole violation). However, where circumstances warrant, clinical evaluation of risk may override this predictive aid. [28 C.F.R. § 2.20(c)–(e) (1974).]

Nevertheless, even though the guidelines are purportedly discretionary, the facts indicate that the Board of Parole follows them in the overwhelming number of cases. The Board of Parole advises us that from October 1973 to March 1974, 88.4 percent of the decisions at initial hearings were within the guidelines.[3] [Br. of U. S. Board of Parole at 11.] In *Grasso v. Norton*, 376 F.Supp. 116, 119 (D.Conn.1974), the court noted that the Director of Research for the Board of Parole testified that the Board follows its guidelines between 92 and 94 percent

---

**2.** The guidelines have since been republished as 28 C.F.R. § 2.20 (1974). The District of Columbia Circuit recently invalidated these guidelines finding that they had been improperly promulgated. *Pickus v. U. S. Board of Parole*, 507 F.2d 1107 (D.C.Cir. 1974). The Board has reissued its rules as emergency reg-

ulations under 5 U.S.C. § 553(b)(3)(B). 39 Fed.Reg. 45223 (Dec. 31, 1974).

**3.** 5.3 percent of the decisions were below the guidelines and 6.3 percent were above the guidelines.

of the time. As the appellee candidly observes in its brief.

> [t]he most basic difference between the present guidelines and past parole procedure is that now a court can actually predict from the presentence investigation report roughly when an average defendant will be released from custody * * *. [Br. of United States at 6.]

We agree that the guidelines serve to predict with reasonable accuracy the actual time that will be served by a federal prisoner under a § 4208(a)(2) sentence. However, in this case the sentence was imposed the same day as the initial publication of the guidelines. Without access to these guidelines, the sentencing judge was entitled to assume that defendant-Kortness would receive meaningful consideration for parole at an early date or at least upon completion of one-third of his sentence. *See* 18 U.S.C. §§ 4202 and 4208(a)(1). The Seventh Circuit recently observed,

> [t]he judge who sentences a prisoner under § 4208(a)(2) ordinarily contemplates that, at an appropriate time before the one-third point in the sentence, the Parole Board will exercise a meaningful judgment upon, *i. e.,* give "serious consideration" to, the question of whether the prisoner should be paroled before the one-third point. [Garafola v. Benson, 505 F.2d 1212, 1217–18 (7th Cir. 1974) (footnote omitted).]

■ Under very limited circumstances, a prisoner may utilize 28 U.S.C. § 2255 to attack a sentence apparently legal on its face. United States v. Lewis, 392 F.2d 440 (4th Cir. 1968); *see* Thomas v. United States, 368 F.2d 941, 945–47 (5th Cir. 1966); Robinson v. United States, 313 F.2d 817, 819–22 (7th Cir. 1963). 28 U.S.C. § 2255 provides, in part, that a federal prisoner may seek relief from the sentencing court

* * * upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is *otherwise subject to collateral attack* * * *. (Emphasis added).

■ A critical error made by the sentencing court in fixing the sentence may be corrected through a § 2255 proceeding. In United States v. Lewis, *supra,* 392 F.2d at 443, the court ruled that where the judge sentenced the defendant to the maximum term solely because he mistakenly believed that § 4208(a)(2) required the maximum term, the defendant's claim was cognizable under § 2255 and justified vacation of the sentence and a remand of the case for resentencing.

It is clear to us that because of the high compliance rate by the Board of Parole with its published regulations, a sentencing judge who seeks to make any meaningful use of § 4208(a)(2) needs to be aware of these guidelines so he may properly take into account parole eligibility during the prison term. Under the circumstances of this case, where the Board of Parole may not have informed the sentencing court of new procedures, the court may have imposed sentence under a mistaken belief that the defendant would receive meaningful parole consideration during his § 4208(a)(2) term, rather than be required almost automatically to serve the full term imposed, less good time allowances. We think this factual situation is akin to that considered by the Fourth Circuit in *Lewis* and calls for similar relief. The case is remanded to the sentencing judge to exercise his discretion whether or not to modify Kortness' sentence in light of the guidelines promulgated by the Board of Parole.[4]

---

4. In this appeal, we have no occasion to examine the validity of the Parole Board guidelines.

*Cf.* Garafola v. Benson, 505 F.2d 1212 (7th Cir. 1974).