**UNITED STATES of America**

v.

**Glenn R. SCHUBERT.**

**Crim. A. No. 73–83.**

United States District Court,
W. D. Pennsylvania.

April 22, 1976.

As Amended April 26, 1976.

Blair Griffith, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Glenn R. Schubert, pro se.

## MEMORANDUM OPINION

WEBER, District Judge.

The above defendant, proceeding pro se, has moved the court to reduce or modify his sentence under the provisions of 28 U.S.C. § 2255. To bring himself within the terms of Section 2255 he recites that the sentence "is otherwise subject to collateral attack".

The gravamen of his complaint is that the sentencing court has continuing authority and jurisdiction under 18 U.S.C. § 4208(a)(2) at anytime during the period of the sentence imposed to modify or reduce the sentence if the court concludes that its intentions have not been complied with by the Parole Board. The movant cites *Kortness v. United States*, 514 F.2d 167 [8th Cir. 1975], as holding that the court does have continuing authority under special circumstances to modify a sentence, apparently legal on its face, where a critical error made by the sentencing court may be corrected through a proceeding under 28 U.S.C. § 2255. The Court of Appeals in *Kortness,* supra, held that where the sentencing judge imposed a sentence under 18 U.S.C. § 4208(a)(2) which provided that the court may specify that the prisoner may become eligible for parole at such time as the Board of Parole may determine, and the sentencing judge was unaware that as of that date the Board of Parole had adopted guidelines which made parole on the prisoner's offense a practical impossibility this constituted a critical error by the sentencing court which was subject to correction through a Section 2255 proceeding. The Court of Appeals held that a sentencing judge who seeks to make any meaningful use of Section 4208(a)(2) needs to be aware of these guidelines so that he may properly take into account parole eligibility during the prison term.

The movant in this case was originally sentenced under 18 U.S.C. § 4208(b) for

imprisonment for a term of fifteen years and for a study as provided in 18 U.S.C. § 4208(c), to be returned to the court for resentencing after the completion of a ninety day study. On February 21, 1974, after receipt of the study, movant was sentenced to a term of five years and to become eligible for parole under 18 U.S.C. § 4208(a)(2) at such time as the Board of Parole may determine.

The movant argues that the Parole Board has determined to deny him any possibility of parole based solely on the Parole Board's "guidelines" which are dependent upon the Parole Board's classification of the severity of the crime. The movant argues that had the court intended the prisoner to have served the full sentence it could have so sentenced him. The Parole Board guidelines were adopted June 5, 1974, 39 Fed.Reg. 20028, 20031, [1974] subsequent to the imposition of final sentence in this case. It is noted that the Board of Parole follows its guidelines between 92 and 94% of the time. This court was aware at the time of sentencing and before the adoption of the guidelines of the general policy of the Board of Parole in many cases to refuse parole at the expiration of the minimum of eligibility under a Section 4208(a)(2) sentence. It relied upon the expertise of the Board of Parole in the evaluation of parole prospects for a particular prisoner. It could reasonably anticipate that the Board of Parole with its greater expertise in the evaluation of prisoners might very well have refused parole before the maximum term. The fact that the Board of Parole at a date subsequent to sentencing in this case adopted guidelines for the exercise of its discretion which made parole almost impossible for this prisoner does not, in our judgment, constitute a "critical error" made by the court at the time of sentencing.

The use of the guidelines may be a commendable effort by the Board of Parole to avoid the disparity in sentencing which has been a matter of great concern to the courts and the legislature. We make no determination on the validi-

ty of the Parole Board guidelines themselves, or the effect of the abdication of discretion which these guidelines seem to imply. The motion will be denied.