**UNITED STATES of America, Appellee,**

v.

**Glen Hamilton CLINKENBEARD, Appellant.**

**No. 76–1311.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1976.

Decided Sept. 20, 1976.

Glen Hamilton Clinkenbeard, pro se.

Evan L. Hultman, U.S. Atty., Robert L. Sikma, Asst. U.S. Atty., Sioux City, Iowa, and David A. Von Wald, Legal Intern, for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Clinkenbeard appeals from the district court's[1] denial of his section 2255 petition in which he claims the parole board's refusal to parole him frustrated the sentencing court's intent. The district court, construing this as a claim under *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975), held that Clinkenbeard was entitled to no relief in that *Kortness* was inapplicable, and that even if *Kortness* was applicable, it would impose the same sentence on resentencing. Clinkenbeard also claimed that he had been denied due process of law because the board had failed to follow proper procedures and thereby had denied him a fair opportunity to present his case and that the parole board's guidelines were unfair. The district court dismissed this due process claim for lack of jurisdiction. We affirm.

In February 1975 Clinkenbeard, as a result of his guilty plea to conspiracy to transport stolen goods interstate, was sentenced to five years imprisonment under 18 U.S.C. § 4208(a)(2). In May 1975 the parole board conducted his initial hearing and decided that Clinkenbeard's case should be continued for 36 months until May 1978.[2] As a result of that decision Clinkenbeard filed his section 2255 motion in district court.

■ In *Kortness*, this court held that a prisoner is entitled to section 2255 relief where the sentencing judge in imposing sentence under 18 U.S.C. § 4208(a)(2) was unaware that, under the guidelines adopted by the board of parole contemporaneous with or subsequent to the imposition of the sentence, the prisoner would not receive meaningful consideration for parole at or before the one-third point of his sentence. This position was reiterated in *United States v. White*, 540 F.2d 409 (8th Cir. 1976). Here there has been no procedure adopted contemporaneous with or subse-

quent to the imposition of the sentence which changes the import of the court's sentence. Furthermore, even if this was a case requiring reconsideration of the sentence by the district court, the court has already stated that the sentence originally imposed is proper.

■■ The due process claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence. Such a claim is properly cognizable in a habeas corpus petition under section 2241. *Lee v. United States*, 501 F.2d 494, 499 (8th Cir. 1974); *Tanner v. Moseley*, 441 F.2d 122, 124 (8th Cir. 1971); *Stinson v. United States*, 342 F.2d 507, 508 (8th Cir. 1965). In order for a district court to have jurisdiction to issue a writ of habeas corpus, it must have jurisdiction over petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Lee v. United States, supra*, 501 F.2d at 501. The petitioner is incarcerated in Minnesota. The custodian in Minnesota is not within the territorial confines of the United States District Court for the Northern District of Iowa. Therefore the minimum jurisdictional requisite is missing. The district court properly held it lacked jurisdiction to consider the due process claim.

Affirmed.

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

2. Subsequently, the board's regulations were amended to require that all section 4208(a)(2) prisoners be given parole consideration at the one-third point of their sentences. 40 Fed.Reg. 41332 (Sept. 5, 1975), § 2.14(b). Petitioner was scheduled for such consideration in August 1976.