Kevin Donald POPE, Appellant,

v.

Maurice H. SIGLER, etc., et al., Appellees.

No. 76–1397.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1976.

Decided Sept. 22, 1976.

Kevin Donald Pope, pro se.

Barry A. Short, U.S. Atty. and Frank A. Bussmann, Asst. U.S. Atty., St. Louis, Mo., for appellees.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Petitioner, who is incarcerated at Leavenworth, Kansas, appeals the district court's denial of his § 2255 motion. He was sentenced on April 28, 1972, to a term of fifteen years in prison for violation of 18 U.S.C. § 2113(a) and (d), pursuant to the provisions of 18 U.S.C. § 4208(a)(2) (parole at the discretion of the Board). In his petition, Pope alleged that he had twice appeared before the Parole Board and had both times been denied meaningful consideration for parole. He also alleged that with respect to the later hearing, the Board failed to allow and consider his institutional record, had failed to consider the rehabilitative and progressive treatment and programs completed by him, and had disregarded his progress while confined.

 The district court construed Pope's claim as one under *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975) and held that petitioner's sentence should not be modified. To the extent that petitioner may be said to be making a *Kortness* claim, the district court should be affirmed.

In *Kortness,* this court held that a prisoner is entitled to § 2255 relief where the sentencing judge in imposing sentence under 18 U.S.C. § 4208(a)(2) was unaware that under the guidelines adopted by the Board of Parole the prisoner would not receive meaningful consideration for parole at or before the one-third point of his sentence. This court has very recently made clear that *Kortness* does not give a sentencing judge authority to revise the sentence merely because he does not agree with the Board's decision; rather,

> \* \* \* *Kortness* does permit the district court to correct a sentencing error where the import of the judge's sentence has in fact been changed by the guidelines adopted by the Parole Board contemporaneous with or subsequent to the imposition of that sentence.

*United States v. White,* 540 F.2d 409, at 411 (8th Cir. 1976)

Here the court has exercised the discretion granted to it under *Kortness,* adversely to petitioner. Because petitioner advances no substantial argument for disturbing the court's exercise of its discretion, the district court's decision as to the *Kortness* claim will be affirmed.

 Liberally construed, Pope's petition also claims that the Parole Board violated his due process rights in the course of denying him parole. Such a claim is properly cognizable in a habeas corpus petition under 28 U.S.C. § 2241. *Lee v. United States,* 501 F.2d 494 (8th Cir. 1974). Although Pope designated his petition as one under § 2255, the district court also would have jurisdiction over a § 2241 petition in this instance. This court had held that one of petitioner's custodians is the Regional Director of the Board of Parole. *McCoy v. United States Board of Parole,* 537 F.2d 962 (8th Cir. 1976). The Regional Director is located in Kansas City, Missouri and is therefore within the jurisdiction of the district court.

 However, even though the district court would have jurisdiction to issue a writ of habeas corpus, dismissal was proper for two reasons: First, petitioner has failed to exhaust his administrative remedies.[1] *Willis v. Ciccone,* 506 F.2d 1011 (8th Cir. 1974);

---

1. Petitioner claims in his petition that he " \* \* has attempted to exhaust all available remedies and has attached an affidavit hereto in support hereof"; however, in his affidavit he does not state that he appealed the Board's decision, and attaches no documentary evidence of any appeals. The government notes in its brief that Pope is again scheduled for parole consideration in October, 1976.

*Mason v. Ciccone,* 531 F.2d 867 (8th Cir. 1976). Secondly, the district court correctly held that the Parole Board did give petitioner meaningful parole consideration in his appearances before the Board. Judgment affirmed.