**Jerry FIELDS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1352.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1976.

Decided Sept. 27, 1976.

---

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Petitioner, who is incarcerated at Leavenworth, appeals pro se the district court's denial of his § 2255 motion. In his motion, petitioner stated that he was sentenced on October 4, 1974, to a term of three years under 18 U.S.C. § 4208(a)(2) (parole at the discretion of the Board). He further alleged that he has twice been denied parole, in violation of the sentencing court's intention that he be given early consideration for parole. Finally, he alleged that the Parole Board failed to state valid reasons for its decision.

The district court dismissed the petition on the basis that the reasons cited by the Parole Board in refusing to grant parole [1] established that petitioner received meaningful parole consideration.

The district court and the government appear to have confused the grounds upon which petitioner was seeking relief. Petitioner was clearly seeking vacation of his sentence under *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975). This court has recently made clear that *Kortness* does not give a sentencing judge authority to revise the sentence merely because he does not agree with the Board's decision, rather

> \* \* \* *Kortness* does permit the district court to correct a sentencing error where the import of the judge's sentence has in fact been changed by the guidelines adopted by the Parole Board contemporaneous with or subsequent to the imposition of that sentence.

*United States v. White*, 540 F.2d 409, at 411 (8th Cir. 1976).

■ Here the guidelines were adopted and published a full year before the sen-

Jerry W. Fields, pro se.

Barry A. Short, U. S. Atty. and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellee.

1. The Board's reasons were as follows:

Your offense behavior has been rated as moderate severity. You have a salient factor score of 4. Guidelines established by the Board which consider the above factors indicate a range of 20–24 months to be served before release for adult cases with good institutional program performance and adjustment. You have been in custody a total of 12 months.

After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration does not appear warranted. You need additional institutional treatment, specifically alcohol counseling and guidance and to gain your GED, to enhance your capacity to lead a law abiding life.

tence was imposed and therefore the *Kortness* case does not entitle petitioner to re-sentencing.

■■■ The district court, rather than rejecting petitioner's *Kortness* claim, chose to go to the merits of his allegations that the Parole Board failed to state valid reasons for its denial of parole, and that it made an erroneous decision in denying him parole. Such allegations are properly cognizable in a § 2241 habeas corpus petition. *See Lee v. United States*, 501 F.2d 494 (8th Cir. 1974). However, even if construed as a habeas corpus petition,[2] the petition is without merit. While the Parole Board has a duty to state its reasons for denial of parole, it did so here, and its reasons for denial are explicit and detailed. Petitioner alleges that the Board ignored his institutional progress; however, he does not deny that he has a problem with alcoholism, or that he lacks a high school equivalency certificate. Under these circumstances, we agree with the district court's finding that petitioner has not been denied meaningful parole consideration. Judgment affirmed.

**2.** This court has recently held that service on the Regional Director of the Board of Parole is sufficient to provide jurisdiction over the Board as one of petitioner's custodians. *McCoy v. United States Board of Parole*, 537 F.2d 962 (8th Cir. 1976). The Regional Director is located in Kansas City, Missouri and is therefore within the jurisdiction of the district court. Had the district court permitted amendment of the petition to name the Board of Parole as a respondent, it would have had jurisdiction to issue a writ of habeas corpus.