**Maynard Allen JACOBSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1291.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1976.

Decided Sept. 29, 1976.

---

John R. Wylde, Jr., St. Paul, Minn., for appellant.

Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Petitioner appeals the district court's denial of his post conviction petition filed under 28 U.S.C. § 2255. He was sentenced on January 1, 1975, in the United States District Court for the District of Minnesota to four years imprisonment under 18 U.S.C. § 4208(a)(2) [parole at discretion of Board of Parole]. He alleges that he has been denied meaningful parole consideration, and that, since the sentencing court was unaware of the effect the Board of Parole's guidelines had on his parole chances, he was entitled to resentencing under *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975). Petitioner further attacks the validity of the parole hearing accorded him on due process grounds.

The district court dismissed his petition on the ground that petitioner had been sentenced subsequent to publication of the Board's guidelines, thereby making *Kortness* inapplicable and that notwithstanding the trial judge would have given petitioner the same sentence in any event. The court dismissed petitioner's due process claims on the basis that such claims were properly cognizable in a habeas corpus petition under

28 U.S.C. § 2241 and that it had no jurisdiction to issue a writ of habeas corpus. We affirm the district court.

In *Kortness,* this court held that a prisoner is entitled to § 2255 relief where the sentencing judge in imposing sentence under 18 U.S.C. § 4208(a)(2) was unaware that under the guidelines adopted by the Board of Parole the prisoner would not receive meaningful consideration for parole at or before the one-third point of his sentence.[1]

■ The *Kortness* decision has given rise to a flood of pro se § 2255 motions wherein the prisoner alleges that he has been denied meaningful parole consideration, in essence attacking the validity of the Board's decision. This court has very recently made clear that *Kortness* does not give a sentencing judge authority to revise the sentence merely because he does not agree with the Board's decision; rather,

. . . *Kortness* does permit the district court to correct a sentencing error where the import of the judge's sentence has in fact been changed by guidelines adopted by the Parole Board contemporaneous with or subsequent to the imposition of that sentence.

*United States v. White,* 540 F.2d 409, at 411 (8th Cir. 1976).

■ Petitioner states no claim for relief under *Kortness.* No procedure has been adopted contemporaneous with or subsequent to the sentence changing the import of the court's sentence. The guidelines petitioner refers to were adopted well before the sentence. Therefore, the sentencing court was aware of the average length of time served by offenders guilty of the offense committed by petitioner. The sentencing court was entitled to expect that petitioner would be given meaningful parole consideration at the one-third point of his sentence, but was not entitled to expect that petitioner would be paroled. Petitioner was in fact given an in-person parole hearing at the one-third point.[2] There is, therefore, no basis for resentencing.

■ Furthermore, the district court has already stated that the sentence originally imposed is proper,[3] and it cannot be said that this decision was an abuse of discretion.

■ Petitioner has also alleged a denial of due process by the Board in its refusal to grant him parole. However, such a claim relates to the manner in which the sentence is being executed, as opposed to the legality of the sentence, and is only cognizable in a habeas corpus petition under § 2241. *See Lee v. United States,* 501 F.2d 494 (8th Cir. 1974). In order for a district court to have jurisdiction to issue a writ of habeas corpus, it must have jurisdiction over petitioner's custodian. *Braden v. Thirtieth Judicial Circuit Ct.,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Lee v. United States, supra.* It is clear the district court for the District of Minnesota has no such jurisdiction.

---

1. Prior to the *Kortness* decision and similar rulings [*Garafola v. Benson,* 505 F.2d 1212 (7th Cir. 1974) and *Grasso v. Norton,* 520 F.2d 27 (2d Cir. 1975)] the Board had often denied a § 4208(a)(2) prisoner any parole consideration until he had served the minimum average time prescribed for the offense by the guidelines. Subsequent to the publication of these cases, the Board amended its regulations to require a parole hearing at the one-third point of the sentence.

2. Petitioner contends that the consideration given was not meaningful because the Board considered erroneous evidence and violated his due process rights in reaching its decision. Our holding in *Kortness* should not be construed to give the sentencing court jurisdiction over such a claim, which is properly cognizable in a habeas corpus petition under 28 U.S.C.

§ 2241. *See Lee v. United States,* 501 F.2d 494 (8th Cir. 1974). A petitioner is entitled to no relief under *Kortness* unless he shows a change in Board procedures which alters the import of his sentence. Where he wishes to attack the application to his case of Board procedures already in effect at the time of his sentence, his proper remedy in attacking the Board's actions is to file a § 2241 petition in the district of confinement or in the district where a custodian is present.

3. Assuming petitioner's § 2255 motion could be construed as a motion to reduce sentence under Fed.R.Crim.P. 35, the district court's statement that the sentence originally imposed is proper effectively serves as a denial of such a motion.

Finally, petitioner contends that he was not given proper credit for jail time. This issue was not raised below and may not be considered for the first time on appeal. *United States v. Librach*, 536 F.2d 1228 (8th Cir. 1976); *Brooks v. United States*, 500 F.2d 103 (8th Cir. 1974).

The judgment is affirmed.