Robert John RYAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1779.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 29, 1976.

Decided Jan. 7, 1977.

Robert J. Ryan, pro se.

Robert G. Renner, U. S. Atty., and Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellee.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

Robert J. Ryan, a prisoner incarcerated in the United States Penitentiary at Leavenworth, Kansas, appeals the district court's denial of his § 2255 motion to vacate sentence. In his motion, Ryan stated that he was entitled to relief under this court's decision in *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975). In support of his claim, he alleged that he was sentenced in 1971 to *15 years* in prison under 18 U.S.C. § 4202 (providing that a prisoner is eligible for parole at the one-third point of his sentence),[1] two years prior to the adoption of the existing Parole Board guidelines.

---

1. The sentencing provision of 18 U.S.C. § 4202 is now contained in 18 U.S.C. § 4205(a). The provisions of former § 4202 were changed somewhat by the Parole Commission and Reorganization Act, P.L. 94–233, but the changes are not relevant to this appeal.

He further alleged that the local panel of examiners granted him parole effective April 7, 1976, but that the National Board reversed the decision solely on the basis of the severity of his crime. He alleged that such action by the Board of Parole constituted a denial of meaningful parole consideration and denied him due process.

The district court denied relief on the basis that (1) *Kortness* is applicable only in cases where the defendant is sentenced under 18 U.S.C. § 4208(a)(2)[2]; (2) even if *Kortness* were applicable here, Ryan fails to state a claim for relief under *Kortness* because he was given a parole hearing at the one-third point of his sentence; and (3) the district court lacked the power to adjudicate the challenge to the manner in which Ryan's sentence has been carried out because of the absence of personal jurisdiction over Ryan's custodian. We affirm the district court.

In *Kortness,* this court held that a prisoner is entitled to § 2255 relief where the sentencing judge in imposing sentence under 18 U.S.C. § 4208(a)(2) (now § 4205(b)(2)) was unaware that, under the guidelines adopted by the Board of Parole, the prisoner would not receive meaningful consideration for parole at or before the one-third point of his sentence.

Ryan argues that the *Kortness* holding applies in this case because the district court could not have been aware at the time of his sentencing that, under Parole Board guidelines subsequently established, Ryan's offense would be deemed so severe that Ryan would not be granted parole at the one-third point of his sentence, and perhaps never be paroled. This argument is without merit for two reasons:

■ 1) At the time Ryan was sentenced, a prisoner sentenced under § 4202 was eligible for parole at the discretion of the Board of Parole, under the standard set forth in 18 U.S.C. § 4203(a)[3]:

> (a) If it appears to the Board of Parole * * * that there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if in the opinion of the Board such release is not incompatible with the welfare of society, the Board may in its discretion authorize the release of such prisoner on parole.

When the district court sentenced Ryan, it could not have reasonably expected that he would be paroled at any given time—only that he would be eligible for parole at the one-third point of his sentence. In view of this fact and since Ryan was given a parole hearing at the one-third point of his sentence, a *Kortness* argument is not meritorious here.

■ 2) The guidelines adopted by the Board in 1973 do not establish a specific length of service for offenses in the greatest severity category.[4] The guidelines merely state that the average length of time to be served is greater than that listed for the other categories. For Ryan's salient factor score (6), the guidelines require only that more than 45 months be served. Ryan, however, was not eligible for parole under the sentencing statute, former § 4202, until he served 60 months (one-third of his 15-year sentence). Under the new guidelines it is clear that the Board could have paroled Ryan at the one-third point of his sentence. Thus, adoption of the guidelines did not materially alter the expectations of the sentencing judge or the import of Ryan's sentence. Accordingly, Ryan's claim does not fall within the rule of the *Kortness* case and must be rejected. *See Jacobson v. United States,* 542 F.2d 725 (8th Cir. 1976), and

---

**2.** The sentencing provision of 18 U.S.C. § 4208(a)(2) is now contained in 18 U.S.C. § 4205(b)(2).

**3.** The Parole Commission and Reorganization Act, P.L. 94–233, has changed somewhat the standards for granting parole. *See* 18 U.S.C.

§ 4206. However, such changes are not pertinent to the merits on this appeal.

**4.** Ryan's offense is included within this category because he fired a weapon in its commission.

*United States v. White,* 540 F.2d 409 (8th Cir. 1976).

█ The district court, for reasons enunciated in its opinion, properly rejected on jurisdictional grounds Ryan's petition attacking on due process grounds the manner in which Ryan's custodian, the warden of Leavenworth (Kansas) Penitentiary, is executing Ryan's sentence. Because this custodian was never personally served with process within the State of Minnesota, the district court for the District of Minnesota lacked jurisdiction to grant relief to Ryan on such grounds. *See Lee v. United States,* 501 F.2d 494 (8th Cir. 1974).