**Richard G. GRAVINK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 76–1938.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 8, 1977.

Decided Feb. 17, 1977.

Richard G. Gravink, pro se.

Evan L. Hultman, U. S. Atty. and Daniel T. Cutler, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Richard G. Gravink appeals from the dismissal for lack of jurisdiction of his habeas petition, brought pursuant to 28 U.S.C. § 2241 and § 2255.

On May 15, 1975, Gravink pleaded guilty in the United States District Court for the District of Iowa to stealing meat from an interstate shipment, in violation of 18 U.S.C. § 659, and was sentenced to three years' imprisonment pursuant to 18 U.S.C. § 4208(a)(2), *as amended,* 18 U.S.C. § 4205(d). Appellant was incarcerated at Sandstone, Minnesota, where, on July 25, 1975, he received initial parole consideration. The Parole Board determined that under its guidelines, appellant should serve a range of 26–32 months, and that a decision outside the guidelines was not warranted. Accordingly, parole was denied and Gravink was continued to the one-third point of his sentence.

In August 1975 appellant unsuccessfully moved for a reduction of sentence. Thereafter, he was transferred to Leavenworth, Kansas, where, on May 4, 1976, he again appeared before the Parole Board and was denied parole. Gravink remains at Leavenworth.

In September 1976 appellant commenced the instant action in the Northern District of Iowa, the sentencing court, alleging essentially that the Parole Board's application of its guidelines to him had thwarted the intent of the sentencing court, citing *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975). He asserted that the purpose of a § 4208(a)(2) sentence is to provide for release upon rehabilitation, that he had demonstrated that he was rehabilitated, and that the Parole Board was impermissibly relying on his prior criminal record to deny him parole. Jurisdiction was alleged under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.

The district court dismissed the petition for lack of jurisdiction, stating that it was an attack on the manner of execution rather than the sentence, and that the court lacked jurisdiction over appellant's custodian. The court further stated that it "would again at this time reaffirm the original sentence." This appeal followed. We affirm for both of the reasons given by the trial court.

First, the effect of the trial court's statement that it "would again at this time reaffirm the original sentence" is a clear indication that the Parole Board did not thwart the intent of the trial court's sentence.

Secondly, the district court's characterization of appellant's attack, on the basis of the allegations made in his complaint, as running to the manner of execution rather than to the sentence itself is correct: there has been no change in parole board policy so as to bring this case under *Kortness. See Jacobson v. United States,* 542 F.2d 725, 727 (8th Cir. 1976); *United States v. Clinkenbeard,* 542 F.2d 59, 60 (8th Cir. 1976). Accordingly, Gravink's claim is not cognizable under § 2255.

The court also properly found itself to be without jurisdiction to entertain appellant's petition under § 2241. Under the law of this circuit habeas corpus jurisdiction requires that the district court have jurisdiction over the petitioner's custodian. *See, e. g., Braden v. Thirtieth Judicial Circuit Ct.,* 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Lee v. United States,* 501 F.2d 494, 501 (8th Cir. 1974). Gravink's custodians are the Parole Board and the warden at Leavenworth. Neither is within the territorial jurisdiction of the United States District Court for the Northern District of Iowa.[1]

The judgment of dismissal is affirmed.

HEANEY, Circuit Judge, concurring.

I concur with the result reached by the majority for the reasons set forth in Judge Webster's concurring opinion in *Lee v. United States, supra,* 501 F.2d at 502–503.

---

1. In *McCoy v. United States Bd. of Parole,* 537 F.2d 962, 964 (8th Cir. 1976), this court held that jurisdiction over a Regional Director of the Parole Board is sufficient to confer a § 2241 habeas jurisdiction on the district court. It does not appear, however, that the regional office having jurisdiction over Gravink (Kansas City, Missouri), or any other regional office is

within the jurisdiction of the Iowa district court.