**Ronald John HOLMES, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 76–1694.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 18, 1977.

Decided April 7, 1977.

Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellant; Robert G. Renner, U. S. Atty., Minneapolis, Minn., on brief.

Bernard P. Becker, St. Paul, Minn., for appellee.

Before BRIGHT and ROSS, Circuit Judges, and URBOM, Chief District Judge.*

PER CURIAM.

The Government's appeal in this § 2255 proceeding presents the issue whether the district court (Judge Miles W. Lord) exceeded its jurisdiction when it ordered the United States Parole Board to evaluate appellee Ronald John Holmes' parole eligibility based upon parole board guidelines in effect at the time of Holmes' sentencing, rather than the current guidelines which were adopted after Holmes' sentencing.

A brief review of the proceedings in the district court provides an appropriate frame of reference for the issue presented to us by the Government. Holmes filed his § 2255 petition seeking relief from a five-year prison sentence for possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871, imposed by Judge Lord on November 14, 1974. At the time of sentencing, parole guidelines classified that offense as one of moderate severity so that with good institutional conduct a prisoner such as Holmes might expect parole release in 24 to 30 months. See 28 C.F.R. § 220 (1974). The parole board subsequently revised these guidelines (40 Fed.Reg. 41328, 41334, Sept. 5, 1975) to change the classification for that offense to "high severity," and increase to 32 to 38 months the likely incarceration before parole for an offender such as Holmes.

Holmes, in seeking § 2255 relief, asserted that the district judge imposed sentence under the mistaken belief (caused by the change in the parole board's policy) that

* WARREN K. URBOM, Chief Judge, United States District Court, District of Nebraska, sitting by designation.

Holmes would qualify for meaningful parole consideration in 24–30 months, the prescribed prison time under the guidelines in force at the time of sentencing, not 32–38 months, the expectancy under the most recent of the parole board's guidelines. Holmes relied on *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975), as a basis for requesting relief from the sentencing judge under § 2255.

The district court granted no specific relief to Holmes but stated as follows in a memorandum opinion, dated June 9, 1976, filed in this case:

> Nothing in this order should be construed as a recommendation that the petitioner should or should not be paroled or that the Parole Board is in any way foreclosed from paroling the petitioner outside of the old guidelines. However, applying the reasoning of *Kortness,* the petitioner is entitled to have those guidelines apply to him which were in effect at the time of his sentencing.
>
> Petitioner will not be prejudiced by waiting for his scheduled parole hearing in December, 1976. Petitioner's sentence up to that point could not in any way be considered excessive or unexpected based on his prior record.
>
> For the reasons herein discussed, *it is hereby ordered that:*
>
> *The United States Parole Board shall evaluate Ronald John Holmes' parole eligibility based upon the guidelines in effect at the time of his sentencing, without prejudice to paroling him outside of the guidelines, if it deems this course of action appropriate.*

[Mem.Op. at 4 (emphasis added).]

The Government challenges the portion of the district court's opinion which we have emphasized.

■■■ Counsel for appellee Holmes concedes that in this § 2255 proceeding the district court possessed no authority to issue an order controlling the exercise of the parole board's discretion. *See United States v. White,* 540 F.2d 409, 411 (8th Cir. 1976).

While it is not clear that the objected to "order" amounts to anything more than a mere suggestion to the parole board made by the sentencing judge, in the absence of an objection by Holmes, we vacate the order and remand this case to the district court for further proceedings, including consideration of whether this case should now be dismissed as moot in light of subsequent developments.[1]

---

1. Counsel advise that after entry of the district court's order, Holmes was released to a halfway house and while there violated conditions of a furlough granted to him. He was arrested in another state on a new criminal charge.