Malcolm R. MORRISON, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 77–0–9.

United States District Court,
D. Nebraska.

Feb. 2, 1978.

Malcolm R. Morrison, pro se.

G. Roderic Anderson, Asst. U. S. Atty., Dist. of Nebraska, Omaha, Neb., for respondent.

## MEMORANDUM

DENNEY, District Judge.

On April 12, 1973, a jury returned a verdict of guilty on two counts of an indictment charging Malcolm R. Morrison with the passing and concealment of counterfeit money. Thirteen days later, this Court sentenced Morrison to ten years on each count, each term to run concurrently with the other. This Court's judgment was entered pursuant to 18 U.S.C.A. § 4208(a)(2) (1969), which provided for parole eligibility at such time as the board of parole may determine.

Morrison filed a pro se complaint in January of 1977, seeking reduction of his sentence by virtue of *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975). Alleging that he was denied meaningful parole consideration upon completion of one-third of his sentence, the petitioner argues that the adoption of new parole policy guidelines by the parole board in November of 1973 offended the intention of the sentencing court.

*Relief under Title 28*

Morrison's cause of action is cast as a petition to modify or reduce his sentence pursuant to 28 U.S.C.A. § 2255 (1971). Since the applicable parole guidelines were altered subsequent to the original sentencing, the Court has jurisdiction under this statute. *Pope v. Sigler*, 542 F.2d 460, 461 (8th Cir. 1976); *United States v. White*, 540 F.2d 409, 411 (8th Cir. 1976).

The scope of review under § 2255 is not broad. That statutory section allows judicial review of the legality of a federal prison term rather than the manner of execution of a sentence. *Jacobsen v. United States*, 542 F.2d 725, 727 (8th Cir. 1976). In a § 4208(a)(2) context, a federal court can only act if some "critical error" took place in the fixing of a sentence. *Kortness, supra* at 170. The sentencing court can alter the period of incarceration where the import of the judge's original sentence has been changed by the new parole guidelines. *White, supra* at 411; *Ryan v. United States*, 547 F.2d 426, 427 (8th Cir. 1977). The power of this Court to alter Morrison's sentence is purely discretionary. *Pope, supra* at 461.

The Court has reviewed the guidelines adopted by the parole board as applicable to the petitioner. 28 C.F.R. § 2.20 (1976). Given the characteristics of the petitioner's offense and his salient factor score, the regulations project that Morrison would spend 16–20 months in prison before release. According to the record before the Court, the petitioner's request for parole was denied after 38 months in Leavenworth. Despite this variance from the parole guidelines, the Court holds that the import of the original sentence has not been changed. The Eighth Circuit has explicitly held that

> a district judge's expectations with regard to an (a)(2) sentence are not thwarted provided that the prisoner receives meaningful consideration for parole "at least upon completion of one-third of his sentence." *White, supra* at 411.

The board of parole's consideration of Morrison's request for parole took place two months before one-third of his ten year term had expired. No critical error is possible under *Kortness* under these circumstances.

Liberally construed, Morrison's petition also alleges that the denial of parole violated his due process rights. This kind of claim is cognizable in a habeas corpus petition under 28 U.S.C.A. § 2241 (1971). *Lee v. United States*, 501 F.2d 494 (8th Cir. 1974). However, since neither the petitioner nor his custodian is within this district, the Court has no jurisdiction under this claim. *Jacobsen, supra* at 727; *Gravink v. United States*, 549 F.2d 1152, 1154 (8th Cir. 1977); *United States v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976).

*Relief under Title 5*

The Administrative Procedure Act is also raised as a basis for jurisdiction in Morrison's petition. The Court holds that no jurisdiction exists under the APA to review a denial of parole by the board unless jurisdiction also exists under 28 U.S.C.A. § 2241 (1971). This does not mean that the unavailability of habeas corpus forecloses judicial review of the board's actions under all circumstances. *See, e. g., Pickus v. United States Board of Parole*, 165 U.S.App.D.C. 284, 507 F.2d 1107 (D.C. Cir. 1974); *Mower v. Britton*, 504 F.2d 396 (10th Cir. 1974); *King v. United States*, 492 F.2d 1337 (7th Cir. 1974). This Court simply holds that it has no power to hear this claim where the petitioner and his custodian are located outside of this district.

Morrison's petition alleges an abuse of discretion on the part of parole authorities, as well as divergence by the board from its own rules. Under the Administrative Procedure Act,

> a prisoner challenging the decision of the board or the process by which that decision was reached must show that the action of the board was so unlawful as to make his custody in violation of the laws of the United States. There must be a sufficient nexus between the allegedly illegal action and the legality of his custody for habeas corpus to lie. A prisoner has no right to release on parole; he has only a statutory right to have the board comply with the APA and its own rules and guidelines. *Brown v. Lundgren*, 528 F.2d 1050, 1054–55 (5th Cir. 1976).

The approach required of a reviewing court under the APA is very similar to that expected of a court reviewing a § 2241 petition. The same facts must be analyzed in either instance. The Court does not believe that passage of the APA should undermine the specific jurisdictional requirements that apply to § 2241 proceedings. This conclusion is bolstered by 5 U.S.C.A. § 703 (1977), which explicitly allows the use of a habeas corpus action "in a court of competent jurisdiction" as a vehicle through which administrative review can be accomplished.

An Order has been filed contemporaneously herewith in accordance with this Memorandum Opinion.