UNITED STATES of America, Plaintiff,

v.

Milton HAIRSTON and Emory J. Ware, Defendants.

No. CR–2–81–58.

United States District Court, S.D. Ohio, E.D.

March 22, 1983.

Daniel A. Brown, Columbus, Ohio, for plaintiff.

Kenneth J. Fisher, Cleveland, Ohio, Andrea R. Yagoda, Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on the separate motions of defendants Milton Hairston and Emory J. Ware for reduction or modification of their respective sentences. Because each motion raises similar issues, they will be considered together. For reasons that are set forth in greater detail below, both motions must be denied.

### I

On December 10, 1981, this Court sentenced both Hairston and Ware to three years' imprisonment for unauthorized acquisition of food stamp cards. These sentences were based, in part, on estimates contained in the respective presentence reports concerning the amount of time which would actually have to be served before each defendant would be paroled. The probation officer who prepared the report estimated that under Parole Commission guidelines, defendant Hairston "would probably not serve more than '14 to 20' months before favorable parole consideration." The same officer predicted that defendant Ware would be paroled within 14 to 18 months. In reaching an appropriate sentence for each defendant, the Court assumed that if Hairston and Ware both showed satisfactory adjustment to prison life, neither would serve more than 20 months.

Upon being considered for parole by the Parole Commission, however, both defendants were informed that they would be required to serve out their entire three-year terms. On the basis of documents attached to Hairston's motion, it appears that the Parole Commission interpreted its own guidelines differently than did the preparer of the presentence report. Both Hairston

and Ware were placed in parole release eligibility ranges considerably higher than those which were predicted in the presentence reports, thus making them ineligible for early release under pertinent Commission guidelines.

According to defendants, the Court should reconsider its original sentences in light of this discrepancy, since by applying its own guidelines less favorably than the probation officer did, the Parole Commission has effectively thwarted the Court's expectation that they would serve only 18 to 20 months at the most.

### II

As a threshold issue, the Court must consider its jurisdiction over this matter. Since neither of the motions now under consideration were filed within 120 days of the imposition of sentence, the Court is without discretion to reduce the sentences pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.[1] To the extent that defendants challenge the validity of the guidelines used to determine their parole eligibility or the Parole Commission's interpretation . of such guidelines, moreover, their remedy lies not with this Court, but with 28 U.S.C. § 2241 and the district court which presides over their respective places of incarceration. *Wright v. United States Bd. of Parole,* 557 F.2d 74 (6th Cir.1977). In order to prevail on their motions, then, defendants' allegations must be cognizable under either Rule 35(a), which has no express time limitation, or 28 U.S.C. § 2255.

### A

■ Under Rule 35(a), the Court may correct a sentence after the 120-day time limit imposed by subsection (b) only if the

---

1. On March 25, 1982, defendant Hairston filed a motion for reduction of sentence on the ground that three years' imprisonment was an unduly harsh punishment in light of Hairston's prior record and his cooperation with the prosecutors. This motion, which was denied, was timely, but it made no mention of any alleged deficiencies in the presentence report. The present motion cannot be viewed as a reincarnation of the former motion, therefore, nor will

the former motion vest the Court with jurisdiction over its untimely successor. *United States v. Hetrick,* 644 F.2d 752 (9th Cir.1980); *United States v. Dansker,* 581 F.2d 69 (3d Cir.1978).

Like Hairston, defendant Ware has filed at least one Rule 35 motion prior to the one at issue here. None of these previous motions were timely, however. *See United States v. Ware,* No. CR–2–81–58, order (S.D.Ohio, April 28, 1982).

original sentence is "illegal." If the sentence was legal *per se*, but was imposed in an illegal manner, then the 120-day limitation applies, and the Court is without jurisdiction to act upon a motion for correction filed outside that period. 3 Wright, *Federal Practice & Procedure,* Criminal 2d §§ 584–85 (1982). At issue here, therefore, is whether sentences which were based in part upon arguably faulty estimates of defendants' parole release dates are "illegal" for purposes of Rule 35(a).

A number of courts have suggested an affirmative answer to this question. In *United States v. DeMier,* 520 F.Supp. 1160 (W.D.Mo.1981), *aff'd.* 671 F.2d 1200 (8th Cir.1982), for example, the sentencing judge, upon being faced with circumstances similar to those involved here, granted defendants' Rule 35 motion and ordered a reduction in their original sentence. There, because of delays in appealing the underlying convictions, the preparer of the presentence report and the Parole Commission used different guidelines in evaluating defendants' parole eligibility. As a result the presentence reports grossly underestimated the amount of time defendants would serve before receiving favorable parole consideration. The district court hinted that since the presentence reports seriously misstated defendants' probable release dates, the original sentences were "illegal" under Rule 35(a). 520 F.Supp. at 1166–69. The court also indicated that, in its view, the faulty estimates contained in the presentence reports raised due process implications which rendered the sentences subject to collateral attack under § 2255. *Id.* The same judge reached similar conclusions a few months later in *United States v. Snooks,* 537 F.Supp. 703 (W.D.Mo.1982).

Both *DeMier* and *Snooks* are factually distinguishable from the present dispute, however. In each of those cases, the district court acted pursuant to motions for reduction of sentence which were timely filed. In each case, therefore, the court

reduced its original sentence under the authority granted by subsection (b) of Rule 35, not subsection (a).[2] To the extent which the court in each instance suggested that the sentences before it were "illegal" for purposes of Rule 35(a), such pronouncements were mere dicta.

More importantly, Judge Olliver's conclusions in both *DeMier* and *Snooks* are distinctly at odds with the restrictive view of Rule 35(a) taken by the Supreme Court in *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). There, over the strong dissent of four Justices, the Court stated that:

> the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect.

(Footnotes omitted.) 368 U.S. at 430, 82 S.Ct. at 472. In this circuit and elsewhere, this language has generally been read to mean that a sentence is not "illegal" for purposes of Rule 35(a) unless it is in excess of the maximum set forth by the pertinent statutes or is otherwise in conflict with the various sentencing options proscribed by law. *Petro v. United States,* 368 F.2d 807, 808 (6th Cir.1966); *Johnson v. United States,* 334 F.2d 880, 883 (6th Cir.), *cert. denied,* 380 U.S. 935, 85 S.Ct. 942, 13 L.Ed.2d 822 (1964). *See also* 3 Wright, *supra* at § 582. Under this interpretation, the potential scope of the rule has been circumscribed severely; it can thus be used to correct technical errors in the imposition of a particular sentence, but not to mount a collateral attack upon the sentence itself. *Id.*

---

**2.** In *DeMier* the only issue on appeal was whether the district court had jurisdiction to reduce a sentence more than 120 days after its imposition. In holding that it did, the Eighth

Circuit made clear that the motions at issue below were made pursuant to Rule 35(b). 671 F.2d at 1202–07.

■ With these principles in mind, the Court simply cannot stretch Rule 35(a) to extend to the facts at hand. The sentences meted out to both Hairston and Ware were well within the maximums set by the statutes under which the two were convicted, 7 U.S.C. §§ 2023(b) and 2024(b), and there is no allegation that the sentences themselves were in any respect inconsistent with the authority vested in this Court. Accordingly, insofar as defendants' motions seek a correction of their sentences pursuant to Rule 35(a), they must necessarily fail.

## B

■ This leaves only § 2255, which provides in part that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence . . . .

28 U.S.C. § 2255. It is well established that this section may be used by federal prisoners to wage a collateral attack on a sentence which was imposed on the basis of material facts later found to be false. In *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), for instance, the Supreme Court affirmed an order which required the sentencing judge to resentence a defendant who established that the two previous convictions upon which the original sentence had been based were subsequently reversed. The Court reasoned that if the sentencing judge had been aware at the time of sentencing that two of the prisoner's prior convictions were constitutionally infirm, he would have viewed the prisoner's background in "a dramatically different light." 404 U.S. at 448, 92 S.Ct. at 592.

On the basis of the *Tucker* decision, it is safe to assume that if the presentence reports at issue here contained material misstatements of fact, the Court could, under § 2255, vacate or modify the original sentences it gave each defendant. A much closer question is presented, however, where, as here, the only deficiency in the reports appears to be that their preparer failed to predict accurately the way in which the Parole Commission's guidelines would be applied to determine parole dates.

In the wake of *Tucker,* several courts have pointed out the importance of these guidelines and have indicated that misinformation about them may provide grounds for a collateral attack on particular criminal sentences. The leading case for this view is *Kortness v. United States,* 514 F.2d 167 (8th Cir.1975), a decision which was relied upon heavily in both *DeMier* and *Snooks, supra.* In *Kortness,* the trial judge had imposed a three-year sentence with a special stipulation pursuant to 18 U.S.C. § 4208(a) that the defendant become eligible for parole "at such time as the board of parole may determine." The sentencing judge apparently thought that Kortness would receive meaningful parole consideration long before his sentence had run. Upon being petitioned by Kortness, however, the Parole Commission determined he would not be eligible for parole prior to the expiration of his full term. Kortness then filed a motion under § 2255 claiming that the sentence should be vacated because the Parole Commission had used guidelines which were not in effect prior to his sentencing. The district court dismissed the motion, but the Eighth Circuit reversed and remanded. The court intimated that relief was available under § 2255 because the sentencing judge's clear expectations regarding parole eligibility had been frustrated by the Parole Commission's mechanical application of its new guidelines.

Read broadly, *Kortness* would seem to indicate that the district court has jurisdiction to entertain a claim under § 2255 whenever its original intentions concerning a defendant's parole eligibility are defeated by an unanticipated application of Parole

Commission guidelines. That suggestion has been squarely rejected in this circuit, though. On facts remarkably similar to those in *Kortness,* the Sixth Circuit, in *Wright v. United States Bd. of Parole,* 557 F.2d 74 (6th Cir.1977), held that no cause of action was stated under § 2255. The court characterized the motion as an attack on the execution of the sentence rather than on its imposition, and it ruled that such an attack was maintainable only under 28 U.S.C. § 2241 in the district where the petitioner was incarcerated. It also took issue with the broader implications of *Kortness,* noting that the holding of the case had been limited in subsequent decisions to its peculiar facts, and concluding that:

> no relief is available under § 2255 based on the unrecorded subjective intention of the sentencing judge .... To permit the vacation of a sentence for such reasons beyond the time limitations provided by Rule 35 would be an unwarranted intrusion into the discretion which the trial judge by employment of the [§ 4802(a)(2)] sentence has largely placed in the Parole Commission.

557 F.2d at 79. *See also, Duke v. Warden,* 463 F.Supp. 840 (W.D.Tenn.1978).

This view appears to have been affirmed by the Supreme Court in *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). There the Court decided a number of cases in which post-sentencing changes in Parole Commission guidelines had prolonged the various defendants' actual imprisonment beyond the period expressly intended by the respective sentencing judges. After reviewing at length the purpose and history of § 2255, as well as the pertinent statutes governing parole of federal prisoners, the Court stated:

> The import of the statutory scheme is clear: the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met. To require the Parole Commission to act

in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts. Nothing in § 2255 supports—let alone mandates— such a frustration of congressional intent.

> Accordingly, without reaching any question as to the validity of the Parole Commission's actions, either in promulgating its new guidelines or in denying Addonizio's applications for parole, we hold that subsequent actions taken by the Parole Commission—whether or not such actions accord with a trial judge's expectations at the time of sentencing—do not retroactively affect the validity of the final judgment itself. The facts alleged by the prisoners in these cases do not provide a basis for a collateral attack on their respective sentences pursuant to § 2255.

442 U.S. at 190, 99 S.Ct. at 2243.

█ Neither *Wright* or *Addonizio* are precisely on point, of course, but this Court is bound by them nonetheless. Taken together, they stand for the proposition that the sentencing judge may not vacate a sentence under § 2255 solely on the grounds that the prisoner was not placed on parole at the time originally anticipated by the judge. This would appear to hold true even where the judge, in imposing the sentence, relied on assumptions about the Parole Commission's guidelines which, through no fault of his or her own, were later found to be false.

On the strength of *Wright* and *Addonizio,* therefore, this Court holds that it is without authority to resentence either Hairston or Ware. While it is true that the probation officer who prepared the presentence reports materially underestimated the amount of time each defendant would have to spend in prison, and it is equally true that the Court relied to some extent on this erroneous estimate, the resulting sentences are not rendered void or illegal simply by

virtue of the fact that the Court's expectations concerning defendants' date of probable parole were subsequently thwarted. The probation officer's inaccurate estimate is lamentable, but it does not rise to the level of "a fundamental defect which inherently results in a complete miscarriage of justice." 442 U.S. at 178, 99 S.Ct. at 2237. Accordingly, neither Rule 35(a) nor § 2255 vest this Court with jurisdiction to correct it.

## C

There is yet another reason for rejecting defendants' motions. If this Court were to resentence defendants based exclusively on the discrepancy between the estimated parole release date and the actual date determined by the Parole Commission, it would in effect be giving binding weight to the probation officer's estimate. As a practical matter, the Parole Commission would be precluded from differing with the probation officer for fear of having the original sentence declared void under § 2255. This is clearly not a result envisioned by the statutory scheme governing parole generally. *See* 18 U.S.C. §§ 4201 *et seq.; see also, Addonizio, supra,* 442 U.S. at 188–189, 99 S.Ct. at 2242. Even if the Court did have jurisdiction to hear defendants' claims, therefore, it would be hesitant to reach a result which would almost certainly interfere with the discretion which Congress, wisely or not, has delegated to the Parole Commission.

## III

Notwithstanding the abovegoing analysis, the Court is not wholly unsympathetic to defendants' predicament. Insofar as the presentence reports underestimated the time which each defendant will probably have to serve in prison, they created not only an inaccurate expectation in the Court, but also false hopes in both Hairston and Ware. The foiling of these expectations does not amount to a fundamental travesty of justice, but it does result in some unfairness to the two human beings involved here.

The government should also be on notice that, given a timely motion under Rule 35(b), the Court, like Judge Olliver in *DeMier* and *Snooks,* will not hesitate to correct a sentence which has been adversely affected by an erroneous presentence assessment of Parole Commission guidelines. It also bears repeating that the issues decided herein are rather narrow, and the Court thus expresses no opinion on issues which may be litigated pursuant to 28 U.S.C. § 2241.

## IV

In sum, the Court must somewhat reluctantly conclude that defendants have failed to establish their right to relief under either Rule 35(a) or § 2255. Despite its suspicion that defendants have not been treated with the utmost fairness in this matter, the Court simply has no power to intervene. The motions of defendants Hairston and Ware for modification of their sentences are therefore DENIED.