UNITED STATES of America, Appellee,

v.

George Wayne KNIGHT, Appellant.

No. 80–1335.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 8, 1981.
Decided Jan. 14, 1981.

<hr/>

Edward G. Warin, U. S. Atty. and Robert F. Kokrda, Asst. U. S. Atty., Omaha, Neb., for appellee.

John E. Kelly, Springfield, Mo., for appellant George W. Knight.

Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

George W. Knight appeals the district court's refusal to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court [1] determined that the relief sought by Knight could not be appropriately granted through a motion under section 2255 but only by way of a writ of habeas corpus. Construing Knight's motion as a writ of habeas corpus, the court dismissed the action for lack of jurisdiction over Knight's custodian. We affirm.

In 1975, Knight, then on parole after serving eight years of a twenty-five-year sentence on a 1965 felony conviction, robbed a bank in Farnam, Nebraska. Subsequent to his arrest for the bank robbery, he unlawfully escaped from the custody of the United States Marshal. Knight pleaded guilty on the escape and bank robbery charges pursuant to a plea bargain arrangement in which the prosecutor would recommend that his sentence on these charges run concurrently with any time that he might have to serve on his 1965 conviction because of his parole violation. The district court sentenced Knight on January 8, 1976, to concurrent terms of fifteen years for bank robbery and five years for unlawful escape. On July 7, 1976, the court entered an order clarifying its intention that the January 8 sentences also run concurrently with any time that he might become obligated to serve as a result of a revocation of his parole on the 1965 conviction. The United States Parole Commission, however, instead of implementing the district court's clarifying order, filed a detainer for a violation of parole and refused to execute the

warrant until the expiration of his 1976 convictions. On June 21, 1979, the Parole Commission finally executed the warrant so that the sentences under Knight's 1965 and 1976 convictions began to run concurrently, but it refused to credit any time served prior to that date on his bank robbery and unlawful escape sentence to the remainder of the term he must serve on his 1965 conviction. Thus, according to Knight's calculations, he will spend nearly nineteen years in prison rather than the fifteen years contemplated by the district court when it sentenced him in 1976.

On appeal Knight contends that a section 2255 motion provides an appropriate vehicle for relief from his sentence because he never would have pleaded guilty but for the prosecutor's recommendation that any sentence imposed on him run concurrently with any remaining sentence on his 1965 conviction. Unless the Parole Commission honors the understanding reached in the plea bargain, he argues, his plea was involuntary and his sentence would be invalid and open to attack under section 2255.

Petitioner's argument, however, does not directly contest the legality of the sentences imposed by the district court but the manner in which those sentences will be carried out by prison authorities under the Parole Commission's rulings. We have frequently held that an attack on the manner in which a sentence is executed, as distinguished from its legality, may be cognizable in a habeas corpus petition under 28 U.S.C. § 2241. *United States v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976), and cases cited therein. The district court, therefore, properly construed petitioner's motion as a writ of habeas corpus.

To issue a writ of habeas corpus, a district court must have jurisdiction over the petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). Petitioner brought this action in

---

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

United States District Court for the District Court of Nebraska, but he is incarcerated within the District of Kansas at the United States Penitentiary, Leavenworth, Kansas. Accordingly, the district court properly dismissed this case for lack of jurisdiction over petitioner's custodian without prejudice to petitioner's right to seek relief under section 2241.

Affirmed.