**Earl Ellery WRIGHT,
Petitioner-Appellant,**

v.

**UNITED STATES BOARD OF PAROLE
and United States of America,
Respondents-Appellees.**

No. 76–2454.

United States Court of Appeals,
Sixth Circuit.

Submitted April 19, 1977.

Decided June 13, 1977.

---

Earl Ellery Wright, pro se.

Frederick M. Coleman, U.S. Atty., Wm. D. Beyer, Cleveland, Ohio, Glenda G. Gordon, Sp. Litigation Section, Crim. Div., George W. Calhoun, Dept. of Justice, Washington, D.C., for respondents-appellees.

Before PHILLIPS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

Earl Ellery Wright was convicted, on pleas of guilty, of four charges of bank robbery and one of theft from interstate shipment and was sentenced on November 7, 1966 by the United States District Court for the Northern District of Ohio to thirty-five years in prison, subject to the indeterminate sentence provisions of 18 U.S.C. § 4208(a)(2) [now section 4205(b)(2)].

On February 28, 1976 Wright, while incarcerated in the United States Penitentiary at Marion, Illinois, filed a complaint in the district court which had sentenced him and named as defendants the United States Board of Parole[1] and the United States of America. He complained that he first appeared before the Parole Commission in January 1967 at which time his case was "set off for five years". He further alleged that he again appeared before the Commission in January 1972 and at that time received a three-year set off. Thereafter on October 10, 1974, plaintiff again appeared before the Commission which held that under certain guidelines established by the Commission for adult cases, his offense behavior had been rated as of the greatest severity, that he had a salient factor score of three under those guidelines and that:

> Your release at this time would depreciate the seriousness of the offenses committed and thus be incompatible with the welfare of society.

> You need additional institutional treatment, specifically in the area of individual counselling so as to enhance your capacity to lead a law abiding life upon your eventual release to free society.

Wright alleged further that no other explanation was given for his failure to be granted parole and that all other administrative appeals from that decision were denied.

Claiming that the guidelines and his denial of parole are "capricious, arbitrary and totally without foundation, vague and unlawful" and that the Parole Commission never gave him an opportunity for a hearing which comported with due process, Wright asked that the district court order a new hearing before the Commission which would comport with due process or in the alternative, that the court order that the plaintiff be paroled.

On consideration of a motion to dismiss filed by the respondents, District Judge William K. Thomas noted the absence of any adequate jurisdictional averments and elected to treat the case as an attack upon the petitioner's sentence pursuant to 28 U.S.C. § 2255. He concluded that the basis for seeking review of the petition under that statute "must lie in the change in Commission policy embodied in the decision-making guidelines the Commission promulgated several years ago to help it decide when to release prisoners." See generally, Note, "Parole Release Decision-making and the Sentencing Process", 84 Yale L.J. 819, 817–841 (1975). So construing the petition and in reliance upon *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975), Judge Thomas conceived that he had jurisdiction over the issue raised, at least insofar as it could be construed to seek a vacation of Wright's sentence. The judge further recognized that at the time he sentenced Wright under the provisions of § 4208(a)(2), "It was this court's intention that if Mr. Wright's overall attitude and social adjustment justified it, he should be released after serving a period substantially less than one-third of his sentence." Nevertheless, on the basis of a review of Wright's prison file and the record of the Parole Commission action, he concluded that it was further true that he had at the time recognized that the ultimate parole decision under § 4208(a)(2) was to be made by the Commission and not by the court. He further specifically found from the record that the Commission did not violate the statutory

1. Congress extensively revised Chapter 311 of Title 18, United States Code, by the act of March 14, 1976, Public Law 94–233, 90 Stat.

219. The term *Parole Commission* will be used in this opinion, rather than *Board of Parole,* for sake of clarity.

parole authority it possessed under an (a)(2) sentence, and that "hence the authority to vacate its sentence recognized in *Slutsky* (Rule 35, Fed.R.Cr.P.) [*United States v. Slutsky,* 514 F.2d 1222 (2d Cir. 1975)] and *Kortness* (section 2255) will not be exercised."

The guidelines referred to by the Commission have now been published in 28 C.F.R. § 2.20. The operation and the impact of the guidelines on the exercise of the Commission's discretion were discussed by this court in *Ruip v. United States,* 555 F.2d 1331 (6th Cir. 1977). We today reach the issue reserved in that case, at 1332 n.6, and hold that although the district court possesses jurisdiction under § 2255 insofar as the petitioner is attacking the validity of his sentence, the instant claim must be dismissed for the failure to state a claim under § 2255 upon which relief can be granted.

The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). On the other hand, 28 U.S.C. § 2255 was enacted by Congress to alleviate the burden under § 2241 which had beset district courts whose territories included penal institutions by providing that where the attack was upon the sentence, actions could be brought in the court which had imposed it. The court, of course, which had imposed the sentence would have a greater familiarity with the record and could more effectively dispose of the claim. *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952).

■ Section 2255, however, does not grant jurisdiction to a district court over all post conviction claims, but has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence. The latter claim is cognizable solely under § 2241. *McNair v. McCune,* 527 F.2d 874 (4th Cir. 1975); *Lee v. United States,* 501 F.2d 494 (8th Cir.

1974); *Robinson v. United States,* 474 F.2d 1085 (10th Cir. 1973); *Ridenour v. United States,* 446 F.2d 57 (9th Cir. 1971); *Mordecai v. United States,* 137 U.S.App.D.C. 198, 421 F.2d 1133 (1969).

■ As we read the complaint of Wright, filed in the district court, it attacks not the sentence imposed, but rather the execution of that sentence by the Parole Commission's interpretation of its guidelines. To that extent, therefore, we hold that the complaint was one which was cognizable only by a proceeding under 28 U.S.C. § 2241, commenced in the district court having territorial jurisdiction over Wright's custodian. Accordingly, because Wright was incarcerated in the Northern District of Illinois, the district court here was without jurisdiction to adjudicate those claims on the merits.

Recognizing that the complaint filed by Wright was *pro se,* the district court nevertheless properly construed it broadly enough to include a claim attacking his sentence under § 2255. Thus the court confronted the more difficult question of whether, as held in *Kortness, supra,* the sentencing court under § 2255 has the power to vacate where it appears that in imposing sentence, the court acted under the mistaken belief that the defendant would receive meaningful parole consideration under the terms of § 4208(a)(2) prior to having served one-third of his sentence.

That such power may exist in the sentencing court under § 2255 even beyond the 120-day limits for altering and amending sentences under Rule 35, finds at least some suggested recognition in *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). There the Supreme Court recognized without discussion a claim under § 2255 where petitioner was attacking a sentence imposed by the district court which had considered two prior convictions which had been held to be unconstitutionally obtained. See also, *United States v. Lewis,* 392 F.2d 440 (4th Cir. 1968) (Section 2255 was held to be available to set aside a sentence imposed by a judge under a misapprehension that his use of § 4208(a)(2) was permissible only if he imposed the maxi-

mum sentence); *Thomas v. United States,* 368 F.2d 941 (5th Cir. 1966).

Since *Kortness,* the Eighth Circuit has taken care to limit the scope of its holding. In *United States v. White,* 540 F.2d 409, 411 (8th Cir. 1976), relief under § 2255 was denied where the prisoner had not yet completed one-third of his term. The motion was held premature because "a district judge's expectations with regard to an (a)(2) sentence are not thwarted provided that the prisoner receives meaningful consideration for parole 'at least upon completion of one-third of his sentence'." In *Jacobson v. United States,* 542 F.2d 725 (8th Cir. 1976), it was held that § 2255 was not available where it was shown that the guidelines were adopted well before the sentence and the district court was aware of the average length of time served by offenders when imposing sentence. Further, in *Ryan v. United States,* 547 F.2d 426 (8th Cir. 1977), it was suggested that a § 2255 motion attacking the guidelines is available only where the sentence was pursuant to § 4208(a)(2) and hence not available for straight or regular sentences under 18 U.S.C. § 4202. In short, the Eighth Circuit has now limited *Kortness* to those cases "where the import of the judge's sentence has in fact been changed by guidelines adopted by the Parole Board contemporaneous with or subsequent to the imposition of that sentence." *United States v. White, supra,* at 411. *United States v. Clinkenbeard,* 542 F.2d 59 (8th Cir. 1976); *Pope v. Sigler,* 542 F.2d 460 (8th Cir. 1976); *Fields v. United States,* 542 F.2d 472 (8th Cir. 1976).

Other circuits have agreed with at least the limited holding in *Kortness, United States v. Salerno,* 538 F.2d 1005 (3rd Cir. 1976); *Grasso v. Norton,* 520 F.2d 27 (2d Cir. 1975); *Garafola v. Benson,* 505 F.2d 1212 (7th Cir. 1974). In the latter two cases, however, the prisoner was incarcerated within the territory of the district court and the appellate court noted, without discussion, jurisdiction under § 2241.

In *United States v. DiRusso* (DiRusso I), 535 F.2d 673 (1st Cir. 1976), the First Cir-

cuit denied relief under § 2255 by holding that the issues raised more accurately challenged the execution of the sentence than its imposition and that, therefore, the proper remedy was under § 2241 in the district in which the prisoner was held in custody. It also distinguished its facts from those in *Kortness* in that the district court in *DiRusso* "apparently knew what the guidelines called for but assumed a much greater degree of flexibility of their application than is the case." *United States v. DiRusso, supra,* at 675. Under such circumstances the court held it could find no grounds in § 2255 which could confer upon a district court a kind of continuing jurisdiction to recall a sentence at any time when the prisoner "can allege that the conditions of his confinement differ from what the judge had contemplated at the time of sentencing."

The First Circuit later in *United States v. DiRusso,* 548 F.2d 372 (1st Cir. 1976) (DiRusso II) reaffirmed its prior holding but at the same time left open the precise question which faced the Eighth Circuit in *Kortness. DiRusso II, supra,* at 375 n.2. The court held, however, that § 2255 relief was not available, at least where the sentence was imposed more than a year after the publication of the policy guidelines.

In a case in which the applicability of the guidelines should have been known to bench and bar at the time of sentencing, we hold that Rule 35 provides the exclusive means of relief for the criminal defendant. Although this rule may not yield entirely satisfactory results in this case and although we sympathize with the district court's desire to correct its error, we think our holding today is necessary to preserve the separate functions of the Parole Commission and the sentencing judge.

Not only is such action as that taken by the district court unnecessary to provide a realistic remedy in the generality of cases, but any departure from a bright line test seems to us an unwarranted and costly incursion into a judge's subjective intent. Were it always open to a prisoner

to test a judge's intention at the time of sentencing in the light of subsequent actions of the Parole Commission, there would predictably be a flood of pro se and other petitions, accepting this invitation. *See Jacobson v. United States,* 542 F.2d 725, at 727 (8th Cir. 1976). We would also foresee problems for both the sentencing and the reviewing courts. The sentencing judge would have to reconstruct its state of mind in sentencing in a particular case, perhaps one remote in time. And if the reviewing court is not to accept without question the sentencing judge's reconstruction of his earlier intent, it would find itself in an awkward position in determining whether and why that reconstruction was unreasonable.

*DiRusso II, supra,* at 376

 We find the foregoing logic from *DiRusso II* persuasive at least where the claim of mistake or error must perforce rest upon the subjective and unexpressed intention of the sentencing judge. We agree with the First Circuit that a proper respect for the separate functions of the sentencing judge and the Parole Commission under the statutory scheme permits no other construction. We leave to another day the impact of the policy guidelines where, before their adoption, the sentencing judge had clearly expressed upon the record his expectation that the defendant would be eligible for early parole consideration by the receipt of an (a)(2) sentence and also the question of the voluntariness of a negotiated plea which was made and accepted before the imposition of the guidelines upon a clearly expressed understanding concerning the imposition of an (a)(2) sentence and its consequences. We conclude that in the absence of these conditions at least, no relief is available under § 2255 based upon the unrecorded subjective intention of the sentencing judge, even though the (a)(2) sentence was imposed prior to the adoption of or the court's knowledge of the guidelines. To permit the vacation of a sentence for such reasons beyond the time limitations provided by Rule 35 would be an unwarranted intrusion into the discretion which the trial judge by employment of the (a)(2) sentence

has largely placed in the Parole Commission.

The lively concern of sentencing judges over the well-being and future disposition of defendants whom they have been obligated to sentence is laudable indeed, and we especially appreciate the candor of the trial judge here who did not hesitate to express what had been his own personal understanding at the time of sentencing. We do not conceive, however, that this was an adequate basis for the exercise of the power to vacate the sentence under § 2255.

The judgment of the district court is affirmed.