**Bobby Joe DUKE, Petitioner,**

v.

**WARDEN, UNITED STATES PENITENTIARY, ATLANTA, GEORGIA, Respondent.**

**No. 78–1092 (CR–9344).**

United States District Court,
W. D. Tennessee, E. D.

Nov. 17, 1978.

Bobby Joe Duke, pro se.

W. J. Michael Cody, U. S. Atty., Memphis, Tenn., for respondent.

ORDER

WELLFORD, District Judge.

Petitioner Bobby Joe Duke was convicted on January 21, 1974, of possession of an unregistered firearm and sentenced by this Court to eight years imprisonment with eligibility for parole placed in the discretion of the Board of Parole under then-§ 4208(a)(2) of Title 18, U.S.C. Now confined in the United States Penitentiary, Atlanta, Georgia, he requests leave to file, in *forma pauperis,* a "Motion to Vacate, Set Aside, or Correct Sentence." Petitioner alleges that he has attempted to avail himself of voluntary drug treatment as previously recommended by the Court and the U. S. Proba-

tion Office, but has been denied such treatment by his institution. Petitioner also alleges that the Parole Commission has denied him meaningful consideration for parole and has held his drug problem against him in consideration received thus far. Accepting each of the allegations as true, the Court nevertheless concludes that the petition must be dismissed.

■ Petitioner's grievances would invoke two different statutory remedies. The claim that respondents have denied him drug treatment is an attack upon the actions of his confining officer, with an apparent prayer for corrective commands against the respondent but not actual release or alteration of sentence. Such a claim is properly presented in a petition for writ of habeas corpus under 28 U.S.C. § 2241, which may be entertained only by the District Court having territorial jurisdiction over the confining officer. *Wright v. United States Board of Parole,* 557 F.2d 74 (6th Cir. 1977).

Petitioner's complaint with the Parole Commission's proceedings might be similarly construed or, according petitioner the proper liberality in interpreting his pleadings, might be read as an attack on his original sentence on the basis that the Commission's failure to grant parole at this point has frustrated this Court's sentencing intent, warranting a modification of sentence under 28 U.S.C. § 2255. Petitioner's reference to the Commission's guidelines suggests this interpretation. As petitioner seems aware, some of the circuits have recognized a narrow basis for collateral attack upon an otherwise lawful sentence under § 2255 where the Commission initially examines a prisoner and denies further consideration for parole until after ⅓ of his sentence on the basis of new guidelines adopted in November, 1973, and it is shown or inferred that the sentencing judge contemplated earlier consideration under prior guidelines in sentencing. *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975); *Edwards v. United States,* 574 F.2d 937 (8th Cir. 1978), *cert. granted,* —— U.S. ——, 99 S.Ct. 643, —— L.Ed.2d ——; *United States*

*v. Salerno,* 538 F.2d 1005 (3d Cir. 1976); *Garafola v. Benson,* 505 F.2d 1212 (7th Cir. 1974); *but see Andrino v. United States Board of Parole,* 550 F.2d 519 (9th Cir. 1977). The Sixth Circuit has reserved the question of the availability of § 2255 relief in these circumstances. *Wright v. United States Board of Parole, supra.*

■ For two reasons, however, even the furthest extension of this line of decisional law does not avail this Court of authority to grant the present petition. First, when petitioner was sentenced in 1974, the Commission's new parole guidelines were already published and effective, and there is no argument, as in the cited cases, that the Court's intent in sentencing has been frustrated by subsequent changes in Commission policy. The First Circuit acknowledged but distinguished precedent and denied § 2255 relief under these circumstances. *United States v. DiRusso,* 548 F.2d 372 (1st Cir. 1976). The Sixth Circuit approved this rule in *Wright v. United States Board of Parole, supra.*

Secondly, the furthest *any* court has imposed this § 2255 remedy into parole operations once a prisoner is entrusted to the Commission's discretion is to require that he receive meaningful consideration for parole after serving ⅓ of his sentence, as he would if the sentencing judge had utilized then-§ 4208(a)(1); where such consideration has been given, no case authorizes § 2255 resentencing simply because the Commission's decision is to deny parole under its guidelines. *Ryan v. United States,* 547 F.2d 426 (8th Cir. 1977); *United States v. Kent,* 563 F.2d 239 (5th Cir. 1977); *Garafola v. Benson, Edwards v. United States, supra.* Petitioner at bar specifically states that he received initial consideration for parole in September, 1975, and again at the one-third point of his sentence in December, 1977. Even under the most favorable precedent, the Court is without statutory power to require more than consideration of the nature petitioner has already received, nor may the Court dictate factors to be considered or ignored by the Parole Commission in setting a presumptive release date.

842

■ If, in considering petitioner's parole eligibility, the Commission has arbitrarily departed from its own guidelines or considered illegitimate information, the sentence itself is not rendered unlawful and the sentencing court cannot modify it under § 2255 to correct the wrong. The Court may require a proper consideration by exercise of its habeas corpus power under § 2241, but our circuit requires that this relief be sought in the district of the petitioner's confinement.

The motion to proceed in *forma pauperis* is granted and the petition is ordered filed. Because the facts asserted present no basis for relief, however, the petition is dismissed. This Court will require that a copy of the Order be made available to the Warden of the custodial institution so that drug treatment may be available to the petitioner.

It is so ORDERED this 17th day of November, 1978.