758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES GLENN COLLINS, PLAINTIFF-APPELLANT,
v.
UNITED STATES PAROLE COMMISSION, DEFENDANT-APPELLEEE.
 NO. 84-5214
 United States Court of Appeals, Sixth Circuit.
 2/1/85
 
 On appeal from the United States District Court for the Eastern District of Tennessee
 Before: LIVELY, Chief Judge; ENGEL, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner James Glenn Collins appeals from the order of United States District Judge Robert L. Taylor of the Eastern District of Tennessee dismissing his petition for writ of habeas corpus.
 
 
 2
 In 1970, petitioner James Glenn Collins was convicted on a two-count federal indictment and an 11 year (cumulative) sentence was imposed. Collins served a total of 7 years and 27 days of his sentence before he was paroled. While on parole, Collins was convicted and sentenced on a state offense. At a parole revocation hearing, the United States Parole Commission revoked his parole and ordered that the unexpired term of his original federal sentence was to be served consecutively to his state sentence.
 
 
 3
 Petitioner Collins brought suit under 28 U.S.C. Sec. 2255 against defendant United States Parole Commission (Commission) alleging that the Commission did not follow applicable parole guidelines and thus violated his due process rights. The district judge construed the complaint as a motion under 28 U.S.C. Sec. 2241 since Sec. 2255 is only available for claims arising from the imposition of sentence. Wright v. U.S. Board of Parole, 557 F.2d 74 (6th Cir. 1977). Collins argued that under applicable parole guidelines, time served on his new state sentence should be counted as time served on the unexpired term of his original federal sentence. As such, Collins concluded that the Commission's failure to credit him with time served on his state sentence violated his due process rights. Judge Taylor held that the Parole Commission and Reorganization Act, 18 U.S.C. Sec. 4201 et seq., allows the Parole Commission to order the unexpired term of Collins' original federal sentence to be served consecutively to his state sentence.
 
 
 4
 Petitioner Collins appeals from the decision and order of the district court. The sole issue on appeal is whether Collins, the federal parolee, is entitled to have the time served on a new state sentence credited towards the unexpired portion of his original federal sentence following revocation of his parole. This issue requires the interpretation of the Parole Commission and Reorganization Act which provides in relevant part:
 
 
 5
 In the case of a parolee who has been convicted of a Federal, State or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.
 
 
 6
 18 U.S.C. Sec. 4210(b)(2) (emphasis added).
 
 
 7
 Collins argues that the cited statute requires that the unexpired portion of his original period of incarceration must begin to run once parole is revoked regardless of any contrary expression by the Commission. Petitioner's rationale is that parole must either be in effect or revoked, and if the latter, time must begin to run on his period of incarceration. Hence, Collins asserts that under the cited statute the Parole Commission may either revoke parole which recommences the period of incarceration or defer revocation of parole until it desires the period of incarceration for the original federal offenses to recommence.
 
 
 8
 Upon consideration, the court is of the opinion that these contentions, while imaginative, find support neither in the language of the cited statute, nor in its legislative history, nor in the interpretation placed upon it by the Parole Commission and the courts. Pursuant to section 4210(b)(2), the Parole Commission may revoke parole and order the unexpired term of his original federal sentence to be served consecutively to his state sentence.
 
 
 9
 AFFIRMED.