798 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee RHINEHART, Defendant-Appellant.
 No. 85-1977.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's Motion for appointment of counsel pending appeal of the district court's dismissal of his motion for relief pursuant to 28 U.S.C. 5 2255. Appellant has also filed a motion to stay a transfer pending disposition of his appeal. The government has tendered a response to the motion to stay. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On January 29, 1985, appellant pleaded guilty to distribution of cocaine (21 U.S.C. 5 841(a)(1) ), conspiracy to possess with intent to distribute cocaine (21 U.S.C. 5 846), felon in possession of firearms (18 U.S.C. App. 1202(a)(1) ), and felon in receipt of firearms (18 U.S.C. 5 922 (h)(1) ). Appellant was sentenced to two years on each count to run concurrently and a three year special parole term on the conspiracy charge.
 
 
 3
 On October 17, 1985, appellant filed a "Motion for redress," purportedly pursuant to 28 U.S.C. Sec. 2255. He also filed a "motion of bias" that same day. These motions were disposed of by an order of November 26, 1985, which dismissed the case.
 
 
 4
 According to Rule 4(b), Rules Governing Sec. 2255 Proceedings, a district judge may summarily dismiss a Sec. 2255 case if it appears from the motion and accompanying record and transcripts that the petitioner is not entitled to relief. A review of the Sec. 2255 motion and the motion of bias reveals that appellant does not allege or establish any infirmity in the imposition of his sentence. He received all that was provided in the plea agreement. Therefore, it is concluded that the district court correctly determined that appellant is not entitled to relief.
 
 
 5
 With respect to the motion to stay a transfer pending disposition of this appeal, it is suggested that the motion be denied. Appellant relies on Rule 23, Federal Rules of Appellate Procedure, to prohibit a transfer. Rule 23 applies only to habeas corpus cases and this case is clearly not a habeas corpus case; appellant is attacking the imposition of his sentence rather than the execution thereof. See Wright United States Board of Parole, 557 F.2d 74 (6th Cir. 1977). Furthermore, appellant fails to establish that any transfer is pending.
 
 
 6
 It appears that this appeal presents no nonfrivolous issue that require further argument. Rule 9(d)(2), Rules of the Sixth Circuit. Therefore, it is ORDERED that appellant's motions for appointment of counsel and for a stay of transfer pending appeal be denied and the final order of the district court be affirmed.