805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack Edward HOLT, Petitioner-Appellant,
v.
Bill STORY, Warden, Respondent-Appellee.
 No. 86-5601.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1986.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges, and HULL, District Judge*.
 
 ORDER
 
 2
 This pro se federal prisoner moves the Court to grant him bail in his appeal from a district court judgment adopting the magistrate's report and recommendation to dismiss petitioner's habeas suit filed under 28 U.S.C. Sec. 2241. The district court dismissed the suit for lack of jurisdiction without prejudice to the petitioner's right to file his suit under 28 U.S.C. Sec. 2255 in the proper district court.
 
 
 3
 Although presently confined in federal custody in Ashland, Kentucky, petitioner seeks to attack the imposition of his 1983 jury conviction obtained in the Northern District of Georgia at Atlanta by filing a Sec. 2241 habeas suit in the Eastern District Court of Kentucky at Ashland. Petitioner seeks to challenge the conviction on the basis that it was obtained upon a dismissed indictment which was later reinstated upon the forged signature of the grand jury foreperson. The district court dismissed petitioner's suit without prejudice because the petitioner sought to attack the imposition of his conviction and sentence which could only be pursued in a suit filed under 28 U.S.C. Sec. 2255 in the district court which imposed the conviction.
 
 
 4
 Upon review of the cause, this Court concludes that the district court properly dismissed petitioner's suit for the reasons given by it. Since the petitioner seeks to attack the imposition of his conviction and sentence imposed in the Northern District of Georgia at Atlanta on the basis of an illegal indictment, the petitioner must file a petition seeking a writ of habeas corpus under 28 U.S.C. Sec. 2255 in that district court which imposed the challenged conviction. Wright v. United States Board of Parole, 557 F.2d 74, 77 (6th Cir.1977). Cf. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Petitioner's reliance on Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973), is badly misplaced and is of no support to the petitioner. Braden supports the inclusion of practical considerations in the equation for finding proper jurisdiction. Such calculus was performed in the decision requiring a federal prisoner to file his collateral attack on the imposition of his conviction in the federal district court which imposed the conviction. See Wright v. United States Board of Parole, supra. The writ of habeas corpus is not suspended by such a decision; it is rather brought into better focus and use by all parties concerned in the dispute.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation