811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jackie M. WEST, Petitioner-Appellant,
v.
PAROLE COMMISSIONER, et al., Respondents-Appellees.
 No. 86-5416.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1986.
 
 Before ENGEL and JONES, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Western District of Tennessee. As that pleading concerned the validity of appellant's continued custody in consequence of an adverse parole determination, the district court construed the complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. The district court then observed that appellant had not pursued any of the procedures available to secure further administrative review of such matters and therefore dismissed the petition on the ground that he had not exhausted his administrative remedies. Appellant subsequently brought this appeal from that judgment.
 
 
 3
 Even though appellant initially characterized his complaint as an action under 42 U.S.C. Sec. 1983, the district court properly construed it as a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 as it primarily stood as a challenge to his continued custody in consequence of an adverse decision regarding his eligibility for parole. Wright v. United States Board of Parole, 557 F.2d 74 (6th Cir.1977). It is well established that such an action may not be maintained unless the petitioner has first exhausted the administrative remedies available for seeking review of parole eligibility determinations. Little v. Hopkins, 638 F.2d 953 (6th Cir.1981) (per curiam). As review of the record demonstrates that appellant has yet to pursue those administrative remedies, the district court did not err in dismissing the petition for a writ of habeas corpus.
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district court entered March 13, 1986, be and hereby is affirmed.