881 F.2d 1076
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry Patrick LANDRUM, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5128.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 Before KRUPANSKY and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Terry Landrum moves for counsel and appeals from the district court's order denying his petition for writ of corum nobis which the district court construed as a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. Following a jury trial, Landrum was convicted of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d), and received a twenty-five year sentence.
 
 
 3
 Landrum claimed that the government violated his constitutional rights when it placed an informant in the same cell with him in order to obtain incriminating information about the bank robbery of which he was convicted. The informant later testified at Landrum's trial as a prosecution witness. Landrum requested injunctive relief.
 
 
 4
 After reviewing the government's response, Landrum's reply, the magistrate's report and recommendation, and Landrum's objections, the district court denied the motion as Landrum failed to show that he was prejudiced as a result of the procedural default which occurred when he elected not to cross-examine the informant at trial or move to suppress his testimony regarding the inculpating statements attributed to him.
 
 
 5
 On appeal, Landrum claims that ineffective assistance of counsel was the cause of his procedural default at trial, and that the district court erred by not holding an evidentiary hearing.
 
 
 6
 Upon consideration, we conclude that the district court properly construed the petition for writ of corum nobis as a Sec. 2255 motion to vacate sentence because Landrum seeks to challenge his conviction and imposition of his sentence rather than the execution of his sentence. See Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).
 
 
 7
 The district court properly denied the motion to vacate because Landrum failed to demonstrate that his criminal proceedings were inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 8
 In order to obtain collateral relief based on errors to which no contemporaneous objection was made, Landrum must show cause and prejudice. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Landrum alleged that ineffective assistance of counsel was the cause for his failure to object to the informant's testimony or even cross-examine him at the time of trial or to raise this issue in his direct criminal appeal which was reviewed by this court. In order to establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Landrum failed to show that he was actually prejudiced by the allegedly erroneous admission into evidence of the informant's testimony for the following reasons. In addition to the testimony of the informant at Landrum's trial, an inventory search of an automobile in which Landrum was riding at the time of his arrest revealed a kit containing $4,000.00 in cash, money which Landrum claimed was his. After examining the money, the Federal Bureau of Investigation (FBI) ascertained that part of it was "bait money" taken in the June 14, 1984 robbery of the People's Liberty Bank branch. Based on this evidence and other information, the FBI sought and obtained a search warrant for a residence in Lakeside Park, Kentucky, where Landrum had been living at the time of the People's Liberty Bank branch robbery. During the search, the police discovered, among other things, a money strap from the People's Liberty Bank, dated June 13, 1984, and bearing the name J. Treadway, which matched the money strap taken from a bank teller, Jenny Treadway, during the robbery. Given this overwhelming evidence, the jury would have had an ample basis for convicting Landrum even if the informant's testimony had not been introduced at trial. Consequently, even if this issue had been properly preserved and raised on appeal, which it was not, the admission of such evidence would be deemed harmless error under Fed.R.Crim.P. 52(b), and the result of the trial would still be the same. See United States v. Mazza, 792 F.2d 1210, 1217 & 1221 (1st Cir.1986), cert. denied, 479 U.S. 1086 (1987).
 
 
 10
 Finally, in light of the foregoing, the district court properly declined to conduct an evidentiary hearing on the matter as the record demonstrates that Landrum is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 11
 For these reasons, the motion for counsel is hereby denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.