884 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Boyer A. BRACY, Defendant-Appellant.
 No. 88-2230.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1989.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges and THOMAS G. HULL, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant, Boyer A. Bracy, appeals his conviction, following a guilty plea, for engaging in a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848 and tax evasion in violation of 26 U.S.C. Sec. 7201. Specifically, Bracy complains of certain elements of his sentencing which, he alleges, have affected him adversely in post-sentence decisions by the United States Parole Commission and The Bureau of Prisons. Because we conclude that a habeas corpus petition under 28 U.S.C. Sec. 2241, rather than a direct appeal, is the appropriate vehicle to right the wrongs which Bracy alleges, we dismiss the appeal for lack of jurisdiction.
 
 
 2
 Bracy pled guilty to a superseding indictment pursuant to a written plea agreement. During the taking of the plea in September, 1988, it emerged that there was confusion over whether the period of incarceration for violation of parole from June 5, 1985, until an escape on August 26, 1986, would be credited as time served for purposes of the instant conviction. At sentencing, the district court found that there had been no agreement regarding credit for time served.
 
 
 3
 At sentencing, Bracy asked the district court to either hold a hearing concerning disputed issues of fact in the presentence investigation report (PSI) or to order that the report not be available for use against Bracy by the Parole Commission and the Bureau of Prisons. Instead, although the district court expressed its view that the Parole Commission and the Bureau of Prisons should not rely on the disputed portions of the PSI, the district court chose not to consider the controverted matter in determining the sentence.
 
 
 4
 Bracy objects to the alleged effect that the above actions have had on his dealings with the Parole Commission and the Bureau of Prisons. As such, Bracy's claim attacks the execution of his sentence. Such a claim is cognizable solely under 28 U.S.C. Sec. 2241. Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Board of Parole, 557 F.2d 74, 77 (6th Cir.1977).
 
 
 5
 We therefore dismiss the appeal for lack of jurisdiction.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation