959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald Allen THAYER, Petitioner-Appellant,
Dawn Marie THAYER, Petitioner-Appellant,
v.
UNITED STATES ATTORNEY GENERAL, Respondent-Appellee.
 No. 91-2157.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and SILER, Circuit Judges.
 
 ORDER
 
 1
 Gerald A. Thayer and Dawn Marie Thayer, pro se federal prisoners, appeal a district court order dismissing their petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gerald A. Thayer and Dawn Marie Thayer pleaded guilty to conspiracy to distribute a controlled substance, possession with intent to distribute marijuana and use of a firearm during the commission of a crime. Gerald Thayer was also convicted for being a felon in possession of a firearm. Each Thayer received a sentence of 132 months imprisonment imposed by Judge Gadola in the United States District Court for the Eastern District of Michigan. Gerald Thayer is incarcerated in Kentucky and his wife in California.
 
 
 3
 They filed their § 2241 petitions in the Michigan federal district court alleging four grounds for relief:
 
 
 4
 (1) The United States has no exclusive legislative concurrent or subject matter jurisdiction over the case at bar.
 
 
 5
 (2) This is not a "collateral attack" on the sentence but a "DIRECT ATTACK" upon the execution of the criminal prosecution proceedings.
 
 
 6
 (3) The current Federal Rules of Civil and Criminal Procedure are not law or lawful and cannot be used to grant jurisdiction to the federal government.
 
 
 7
 (4) The government is in violation of the Posse Comitatus Act of 1878.
 
 
 8
 The district court dismissed the petition without prejudice, concluding that the Thayers should have filed their petitions under 28 U.S.C. § 2255 rather than § 2241 because they challenged the imposition of their federal sentences.
 
 
 9
 A notice of appeal was timely filed which was signed by both Thayers; however, the caption and the body of the notice of appeal refer to appellants as merely Gerald Allen Thayer, et al.
 
 
 10
 Initially, although the notice of appeal did use the term et al., which is insufficient by itself to designate the appealing parties, Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988), the unidentified party, Dawn Marie Thayer, signed the notice of appeal, and hence adequately identified herself in the notice of appeal as an appellant. See Torres, 487 U.S. at 318 (court lacks jurisdiction over party "not otherwise designated"); Adkins v. United Mine Workers of America, 941 F.2d 392, 397-98 (6th Cir.1991) (despite the use of et al., designation that "all" parties appeal cured defect).
 
 
 11
 Upon review, we conclude that the district court properly dismissed the Thayers' § 2241 petitions for a writ of habeas corpus. If a federal prisoner seeks to challenge his conviction or the imposition of his sentence, he must file a motion to vacate his sentence under 28 U.S.C. § 2255 in the district court which imposed the sentence rather than a § 2241 habeas petition which a petitioner files if he is challenging the execution of his sentence. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). The Thayers should have filed a § 2255 motion to vacate sentence rather than a § 2241 habeas petition, because they are challenging their convictions and sentences. Because the district court dismissed their cases without prejudice, the Thayers are not barred from returning to the U.S. District Court for the Eastern District of Michigan to file a § 2255 motion.
 
 
 12
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.