977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Al Walter BOLDEN, also known as Earl Scott, also known as
Joe Lee Bailey, also known as Al Bowman,
Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1493.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Al Walter Bolden, a pro se federal prisoner, appeals the district court's judgment denying his motion to correct sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bolden was arraigned in August 1990, at which time he was released on $50,000 bond. His pretrial release contained several conditions which included reporting requirements, restriction on travel, and a nightly curfew. On October 25, 1990, Bolden pleaded guilty to two counts of possession of fraudulent identification documents and one count of felon in possession of a firearm. He was sentenced on February 26, 1991, to 27 months imprisonment and a $5,000 fine, but remained free on bond until voluntarily reporting for custody on May 29, 1991. A panel of this court affirmed Bolden's sentence on appeal. United States v. Bolden, No. 91-1298 (6th Cir. Dec. 5, 1991) (unreported).
 
 
 3
 In his § 2255 motion, Bolden seeks sentence credit, pursuant to 18 U.S.C. §§ 3568 and 3585(b), for the approximately nine months he spent on conditional release. The magistrate judge issued a report on October 25, 1991, in which he recommended that the motion be denied. The district court, in an opinion and order filed March 19, 1992, adopted the magistrate judge's report and recommendation, as modified, and denied the motion. On appeal, Bolden continues to argue the merits of his claim.
 
 
 4
 Upon review, we vacate the district court's judgment because the district court lacked subject matter jurisdiction over this action. Bolden's attack upon the execution of his sentence, as opposed to its validity, is cognizable solely in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-78 (6th Cir.1977). A petition under § 2241 must be brought in the district court which has personal jurisdiction over Bolden's custodian. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973); Wright, 557 F.2d at 77. Bolden is held in custody at the Federal Correctional Institution at Terre Haute, Indiana, outside the jurisdiction of the Eastern District of Michigan. Thus, the district court could not reach the merits of this motion by construing it as a mislabeled habeas petition. See Andrino v. United States Bd. of Parole, 550 F.2d 519, 520 (9th Cir.1977) (per curiam).
 
 
 5
 Moreover, the Supreme Court recently held in United States v. Wilson, 112 S.Ct. 1351 (1992), that the authority to award sentencing credit under 18 U.S.C. § 3585(b) is granted by Congress to the Attorney General, rather than the sentencing court. See also United States v. Westmoreland, 91-6153, 1992 WL 215953, at * 1 (6th Cir. Sept. 10, 1992). The Attorney General's determination, however, remains subject to review by the courts following the exhaustion of administrative remedies. See Wilson, 112 S.Ct. at 1353-55.
 
 
 6
 Accordingly, the district court's judgment, filed March 19, 1992, is vacated and the case is remanded with instructions to dismiss without prejudice for lack of subject matter jurisdiction. See Westmoreland, 1992 WL 215953, at * 1. Rule 9(b)(3), Rules of the Sixth Circuit.