978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael GLYNN, Sr., Defendant-Appellant.
 No. 92-3446.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 Before RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Glynn, Sr., a pro se federal prisoner, appeals the district court's order denying his motion for credit for prior custody under 18 U.S.C. § 3585. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In September 1989, Glynn pleaded guilty to one count of possession with intent to distribute cocaine, in violation of 28 U.S.C. § 841(a)(1). The district court sentenced him to 60 months imprisonment, which represented a downward departure from the applicable sentencing guideline range of 97-121 months. Glynn subsequently filed a series of post-conviction motions, including two prior motions for credit for 305 days spent under restrictive bond before sentencing. Those motions were denied by the district court on October 15, 1990, and July 31, 1991.
 
 
 3
 Glynn's present motion, in which he again seeks credit for time served under restrictive bond, was denied by the district court on April 16, 1992. On appeal, Glynn continues to argue the merits of his motion.
 
 
 4
 Upon review, we vacate the district court's order because the district court lacked subject matter jurisdiction over this action. An attack upon the execution of a sentence, as opposed to its validity, is cognizable solely in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. See United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-78 (6th Cir.1977). A petition under § 2241 must be brought in the district court which has personal jurisdiction over Glynn's custodian. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973); Wright, 557 F.2d at 77. Glynn is held in custody at the Federal Correctional Institution at Ashland, Kentucky, outside the jurisdiction of the Southern District of Ohio. Thus, the district court could not reach the merits of this motion by construing it as a mislabeled habeas petition. See Andrino v. United States Bd. of Parole, 550 F.2d 519, 520 (9th Cir.1977) (per curiam).
 
 
 5
 Moreover, a recent Supreme Court decision holds that authority to award sentencing credit under § 3585(b) is granted by Congress to the Attorney General rather than to the sentencing court. See United States v. Wilson, 112 S.Ct. 1351, 1353-55 (1992). The Attorney General's determination, however, remains subject to review by the federal district courts following the exhaustion of administrative remedies. Id. at 1355.
 
 
 6
 Accordingly, we vacate the district court's judgment and remand the case with instructions to dismiss without prejudice for lack of subject matter jurisdiction. Rule 9(b)(3), Rules of the Sixth Circuit.