985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew RENFRO, Petitioner-Appellant,
v.
J.B. BOGAN; United States Parole Commission; Ross
Creviston, Respondents-Appellees. (92-1965),
United States of America, Respondent-Appellee. (92-2028).
 Nos. 92-1965, 92-2028.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before BOYCE F. MARTIN, JR., MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Andrew Renfro, a pro se federal prisoner, appeals two district court judgments dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 (Case No. 92-1965) and his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255 (Case No. 92-2028). These cases have been consolidated on appeal and have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Renfro was convicted of violating the federal Controlled Substances Act under 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to three concurrent ten-year terms of imprisonment and a five-year special parole term as provided by statute. Renfro's sentence was later amended by eliminating the five-year special parole term with respect to Renfro's conviction under 21 U.S.C. § 846.
 
 
 3
 Renfro filed a petition for a writ of mandamus alleging that the five-year special parole term with respect to his substantive convictions was illegal because that term was abolished by the district court's amended sentence and order. The district court found that the court's amended sentence eliminated the five-year special parole term with respect to Renfro's conviction under 21 U.S.C. § 846, but that the special parole term was still effective with respect to his other two convictions under 21 U.S.C. § 841(a)(1). This court affirmed the district court's judgment.
 
 
 4
 Renfro then filed a prior § 2255 motion in which he essentially raised the same claim which he raised in his petition for a writ of mandamus. His § 2255 motion was denied and no appeal was taken.
 
 
 5
 In his current § 2241 habeas petition and § 2255 motion, Renfro again challenged the validity of the special parole term imposed by the sentencing court. The district court dismissed his § 2241 and § 2255 actions.
 
 
 6
 On appeal, Renfro continues to argue the merits of his case. He requests leave to proceed as a pauper and the appointment of counsel.
 
 
 7
 Upon review, we conclude the district court properly dismissed Renfro's § 2241 habeas petition because he is challenging the legality of his sentence (i.e., his special parole term) rather than the execution of his sentence. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). The district court properly denied Renfro's § 2255 motion as successive because this same claim was previously considered and rejected on the merits when raised in Renfro's prior petition for a writ of mandamus and his prior § 2255 motion. See Rule 9(b) of the Rules Governing Section 2255 Proceedings; Sanders v. United States, 373 U.S. 1, 15 (1963); Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 8
 Accordingly, Renfro's request to proceed as a pauper is granted, his request for counsel is denied and the district court's judgments are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.