16 F.3d 1221
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Harold N. OWEN, Petitioner-Appellant,
v.
Mark H. LUTTRELL, Warden, FCI, Manchester, Kentucky,
Respondent-Appellee.
 No. 93-6010.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Harold N. Owen, a pro se federal prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, a federal jury in North Carolina convicted Owen on multiple drug charges for which he received a 194 month sentence. The conviction was affirmed on appeal. United States v. Owen, 91-5458, 91-5463, 91-5464, 966 F.2d 1445 (Table) 1992 WL 132852, at * 5, 1992 U.S.App. LEXIS 14265, at * 17 (4th Cir.) (per curiam), cert. denied, 113 S.Ct. 389 and 620 (1992).
 
 
 3
 Owen then filed his petition for habeas relief contending that he was denied his Sixth Amendment rights when he was arraigned without counsel despite his request for representation and when he was improperly denied leave to file various pre-trial motions. Upon de novo review of a magistrate judge's report and supplemental report, the district court concluded that it lacked jurisdiction over the petition. The district court found that Owen was challenging his conviction rather than the execution of his sentence. Therefore, Owen's proper form of relief was to file a motion to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 in the district court which sentenced him.
 
 
 4
 In his timely appeal, Owen argues that the district court had jurisdiction over his petition because it was properly brought under Sec. 2241 and that the district court abused its discretion in adopting the magistrate judge's report.
 
 
 5
 This court reviews the dismissal of a Sec. 2241 petition de novo. See Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990).
 
 
 6
 Upon review, we conclude that Owen's arguments are not cognizable under Sec. 2241. If a federal prisoner seeks to challenge his conviction or the imposition of his sentence, he must file a motion to vacate his sentence under 28 U.S.C. Sec. 2255 in the district court which imposed the sentence. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). If a federal prisoner seeks to challenge the execution of his sentence, he must file a Sec. 2241 habeas petition in the district court having jurisdiction over petitioner's custodian. Cohen, 593 F.2d at 770-71; Wright, 557 F.2d at 77. Despite his insistence to the contrary, Owen's arguments show that he is challenging the imposition and not the execution of his sentence. Therefore, his proper form of relief is a Sec. 2255 motion to be filed in the United States District Court for the Western District of North Carolina. Because Owen actually seeks Sec. 2255 relief, the district court properly concluded that it lacked jurisdiction to entertain Owen's arguments. Owen's remaining arguments are meritless.
 
 
 7
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.