85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis Howell SMITH, Petitioner-Appellant,
v.
PONTESSA, Warden, Respondent-Appellee.
 No. 95-1980.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Dennis Howell Smith appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a plea of guilty in the United States District Court for the Eastern District of Virginia in 1989, petitioner was convicted of possession with intent to distribute cocaine. Petitioner was sentenced to 186 months of imprisonment. Petitioner's sentence was affirmed on direct appeal. United States v. Poteet, Nos. 90-5165/5166/5170/5172/5173/5174, 1991 WL 141046 (4th Cir. Aug. 1, 1991) (unpublished per curiam), cert. denied, 502 U.S. 994 (1991), and cert. denied, 502 U.S. 1062 (1992).
 
 
 3
 Petitioner filed his petition in the United States District Court for the Eastern District of Michigan alleging that the sentencing court relied upon inaccurate information in sentencing him. The district court concluded that petitioner must seek the requested relief in the sentencing court under 28 U.S.C. § 2255 and dismissed the petition sua sponte. On appeal, petitioner reiterates the claim he asserted in the district court.
 
 
 4
 Upon consideration, the judgment of the district court is affirmed for the reasons stated by the district court in its opinion and order filed July 31, 1995. Essentially, a post-conviction challenge to a federal conviction or to the imposition of a resulting sentence must be brought in the sentencing court by motion to vacate sentence filed under 28 U.S.C. § 2255. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). Habeas corpus relief from a federal conviction or sentence is available only if petitioner can establish that the remedy provided under § 2255 is "inadequate or ineffective." Sanders v. United States, 373 U.S. 1, 14-15 (1963). Here, petitioner cannot show that § 2255 relief is inadequate to address his claims. Therefore, petitioner must assert his claims by § 2255 motion filed in the United States District Court for the Eastern District of Virginia.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.