89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas D. SIKES, Petitioner-Appellant,
v.
Kathleen HAWKS; Arthur Beeler; H. Norris, Respondents-Appellees.
 No. 95-6192.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 Thomas D. Sikes appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the United States District Court for the Southern District of Florida in 1988, petitioner was convicted of conspiracy to import and conspiracy to possess with intent to distribute cocaine. The court initially sentenced petitioner to two concurrent terms of 36 years of imprisonment to be served consecutive to a federal sentence petitioner received for an earlier drug trafficking offense. In addition, the court specified that petitioner be eligible for parole only after serving 12 years pursuant to 18 U.S.C. § 4205(b)(1). The convictions and sentences were affirmed on direct appeal. United States v. Weaver, 905 F.2d 1466 (11th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 4
 Thereafter, petitioner filed a Fed.R.Crim.P. 35(a) motion by counsel to correct his sentence. The government responded in opposition, and petitioner submitted a reply. After petitioner sought a writ of mandamus in the United States Court of Appeals for the Eleventh Circuit, the sentencing court denied petitioner's motion. On appeal to the Eleventh Circuit, the government acknowledged that petitioner had asserted in his reply before the sentencing court a meritorious claim that his sentence impermissibly was enhanced using the prior drug trafficking conviction because the prior conviction had not become final at the time of the current offenses. The government and the sentencing court then sought and were granted a remand of the case from the Eleventh Circuit for resentencing. On remand, the sentencing court resentenced petitioner to concurrent 15-year terms of imprisonment, but petitioner's parole eligibility was not altered from the original minimum term of 12 years of imprisonment.
 
 
 5
 Next, petitioner filed a motion by counsel to correct his sentence to reflect eligibility for parole after 5 years of imprisonment, the maximum period permitted under 18 U.S.C. § 4205(b)(1). The government responded that it agreed that the judgment and commitment order should be amended to reflect eligibility after 5 years, but noted that the court could recommend to the Parole Commission that petitioner be paroled only after 12 years. It is not clear from the record whether the sentencing court has ruled on petitioner's motion to correct his sentence.
 
 
 6
 Petitioner filed the instant petition in the district court alleging that he has been denied a parole hearing based upon the provision in his sentence that he not be eligible for parole until he served a minimum of 12 years of imprisonment. The magistrate judge recommended that the petition be denied as frivolous, and petitioner filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition.
 
 
 7
 On appeal, petitioner contends that he should be permitted to proceed in habeas corpus under § 2241 rather than in the sentencing court pursuant to 28 U.S.C. § 2255 because he is challenging the execution of his sentence rather than the legality of the sentence. The government responds that the district court did not abuse its discretion in dismissing the petition as frivolous.
 
 
 8
 Generally, the dismissal of an action as frivolous pursuant to 28 U.S.C. § 1915(d) is reviewed by this court only for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A petition is frivolous within the meaning of 28 U.S.C. § 1915(d) where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous under § 1915(d), a court need not "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." Denton, 504 U.S. at 32 (quoting Neitzke, 490 U.S. at 325). However, "plaintiff's factual allegations must be weighted in favor of plaintiff." Id. Here, the district court did not abuse its discretion in dismissing the petition.
 
 
 9
 First, a post-conviction challenge to a federal conviction or to the imposition of a resulting sentence must be brought in the sentencing court by motion to vacate sentence filed under 28 U.S.C. § 2255. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). Habeas corpus relief under § 2241 from a federal conviction or sentence is available only if petitioner can establish that the remedy provided under § 2255 is "inadequate or ineffective." Sanders v. United States, 373 U.S. 1, 14-15 (1963). Here, petitioner clearly is challenging a parole eligibility restriction imposed as part of his sentence. Although petitioner contends on appeal that the sentencing court has not acted on his motion to correct sentence, petitioner cannot show that this remedy is inadequate or ineffective to address his claim. Therefore, petitioner must pursue his claim by his motion filed in the United States District Court for the Southern District of Florida.
 
 
 10
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation