19 F.3d 12
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Karl KEENAN, Defendants-Appellant.
 No. 93-5284.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 10, 1994.
Decided: March 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-92-487-A)
 Robert Stanley Powell, Dawkins, Delaney, McCarthy, Powell & Colton, P.C., Alexandria, Virginia, for Appellant.
 Helen F. Fahey, United States Attorney, Donald A. Clements, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Karl Keenan was convicted by a jury of bank robbery in violation of 18 U.S.C. Sec. 2113(a), (d) (1988) (Count 1), and using a firearm during commission of a violent crime in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1993) (Count 2). The charges stemmed from the armed robbery of Crestar Bank, Fort Belvoir, Virginia, on July 17, 1992.
 
 
 2
 On that date, at approximately 4:30 p.m., the Crestar Bank was robbed by two men wearing masks and trench coats. Both men carried firearms. One teller testified based on her observation of the robbers' hands and exposed skin above the collar of one robber, and listening to their voices, that the two were white males. An audit following the robbery revealed a loss of $2273.
 
 
 3
 Michael Hardy, an employee of a service station located directly across from the bank, observed two men wearing trench coats, masks, and gloves run out of the bank at about 4:30 p.m. He also observed one carrying a duffel bag, and they both had what appeared to be guns in their hands. According to Hardy, they were tall, slim, and about six feet to six-two in height. Hardy testified that the getaway car was "like a Volkswagen Fox," blue with Virginia plates.
 
 
 4
 Steven Knez testified that in July 1992 he was attempting to sell his car, a blue Volkswagen Fox with Virginia plates. He placed the car at the corner of Clipper and Davis Ford, Woodbridge, Virginia, with a sign and his phone number visible. Knez testified that a person identifying himself as "David" and another individual Knez identified as Keenan came to look at the Volkswagen and took it for a test drive for almost a half hour. After their return, they stated they were interested in purchasing the car, but would return the following day; they gave Knez the telephone number for a pager belonging to David DeLorge. Knez then testified that he returned the car to the same location. Knez last saw the car the following day on Friday; he noticed it missing on Saturday.
 
 
 5
 David DeLorge testified that he and Keenan robbed the Crestar Bank on July 17, 1992. He further testified that he and Keenan first discussed robbing a bank "jokingly" about a month before the robbery. After he and Keenan saw the movie "Point Break," they began planning the robbery in detail, including wearing gloves, masks, and having a change of clothes; the ultimate robbery plan had a relationship with the robbery depicted in the movie. According to DeLorge, it was Keenan's idea to copy a key to a car while test driving it, and to later use the car in commission of the robbery. DeLorge testified that when he and Keenan took Knez's Volkswagen for a test drive, Keenan directed him to Hechinger's, a hardware store, where Keenan obtained a duplicate ignition key before they returned the car to Knez. DeLorge also testified that Keenan selected the particular bank to be robbed.
 
 
 6
 According to DeLorge's testimony, on the day of the robbery, he and Keenan went to the location of the Volkswagen; DeLorge took the car while Keenan followed in DeLorge's car. They dressed in their disguises and then robbed the bank, forcing those inside the bank to the floor at gunpoint. DeLorge testified Keenan handed him the 9mm firearm, while Keenan took another gun. DeLorge then described in detail how he and Keenan robbed the bank, returned the Volkswagen, and returned the 9mm firearm to DeLorge's roommate's car from where he had taken it. Carl Warner, DeLorge's roommate, testified that he had discussed the robbery with DeLorge prior to the robbery and with Keenan after the robbery, and he corroborated much of DeLorge's testimony.
 
 
 7
 FBI Agent Thomas Flosnick testified that the Volkswagen Fox used in the robbery showed no signs of forced entry and that the ignition had not been tampered with. He further testified that bank surveillance photographs depicted that a firearm used in the robbery was a 9mm Astra pistol. FBI Agent Susan Kossler testified that she interviewed Warner, who recounted a post-robbery conversation between DeLorge and Keenan about how to commit their next robbery.
 
 
 8
 Keenan timely appealed. He contends that the evidence was insufficient to support his conviction either of the armed bank robbery or the use of a firearm in the commission of that bank robbery. He asserts that the testimony of DeLorge, Warner, and Linte was not credible and that there was no direct evidence that he was the second bank robber.
 
 
 9
 A jury verdict must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found Keenan guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts established to those sought to be proven. Id. In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989). In this case, substantial evidence supports the jury's findings that Keenan was involved in the bank robbery and that he carried a firearm; we cannot determine, as Keenan requests, that the witnesses who implicated him in the robbery lacked credibility. We therefore affirm his conviction on both counts.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED