99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Earl KEENAN, Petitioner-Appellant,
v.
Art BEELER, Warden, Respondent-Appellee.
 No. 96-5135.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1996.
 
 Before: SUHRHEINRICH, DAUGHTREY, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Thomas Earl Keenan appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the United States District Court for the Eastern District of Virginia, petitioner was convicted of armed bank robbery and using a firearm during and in relation to a crime of violence. Petitioner was sentenced to consecutive terms of 41 months and 60 months of imprisonment, respectively, was ordered to pay $1,163.50 restitution "during the term of supervised release of 3 years ... on a schedule specified & supervised by the Probation Office," and was ordered to pay a $100 special assessment immediately. Petitioner's convictions were affirmed on direct appeal. United States v. Keenan, No. 93-5284, 1994 WL 62802 (4th Cir. Mar. 3, 1994) (per curiam).
 
 
 3
 Thereafter, petitioner filed his petition in the district court alleging that the sentencing court erred in delegating to the United States Probation Office the responsibility of establishing a schedule for payments toward petitioner's restitution. The magistrate judge recommended that the petition be dismissed sua sponte as frivolous and that petitioner be sanctioned $5 for filing the frivolous pleading, and petitioner filed objections. The district court adopted the magistrate judge's recommendation and dismissed the petition, but rejected the recommendation that a $5 sanction be imposed.
 
 
 4
 On appeal, petitioner contends that the sentencing court illegally modified its restitution order and has submitted a group of exhibits not submitted to the district court, but which indicate that he has sought relief in the sentencing court from its sentence and from Bureau of Prison efforts to collect restitution from his inmate salary. The government responds that the district court properly dismissed the petition as not properly brought under § 2241.
 
 
 5
 Upon consideration, the judgment is affirmed because the district court did not abuse its discretion in dismissing the petition for the reasons stated in its opinion and order filed January 9, 1996. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). Essentially, a post-conviction challenge to a federal conviction or to the imposition of a resulting sentence must be brought in the sentencing court by motion to vacate sentence filed under 28 U.S.C. § 2255. Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). Petitioner clearly challenged the legality of his sentence and did not establish that the remedy provided under § 2255 is "inadequate or ineffective." Sanders v. United States, 373 U.S. 1, 14-15 (1963).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation